# CALOWAY ROGERS, Appellant, v. ELI WILSON.

### Division Two, May 18, 1909.

1. **SHERIFF'S SALE: Set Aside for Irregularity: Premature Return.** A sheriff's sale under a transcript judgment from a justice of the peace may be set aside in a suit brought for that purpose, for an irregularity in the proceedings had prior to the sale, including the premature return of the execution by the constable.

2. **EXECUTION: Premature Return: Before Ninety Days: Sheriff's Sale.** A return by the constable of an execution of *nulla bona* in less than ninety days after its issuance by the justice is premature and void; and a sheriff's sale thereafter made under a transcript judgment may be set aside. So that where the judgment in the justice's court was rendered on December 2, 1899, and execution issued on that day, and was returned, "I hereby certify that I served the within execution Dec. 8th, 1899," underneath which was written: "Now on this 1st day of March, 1900, this execution is returned by me not satisfied, for the reason no property belonging to defendant could be found subject to execution," the return shows on its face and by the testimony of the constable that the execution was not in the constable's hands for ninety days, but in the hands of the justice, and therefore the return was premature and void. When the execution was returned to the justice on December 8th it then became *functus officio*, and the only way it could be legally returned to the constable thereafter was by being renewed in the manner provided by statute (Sec. 4038, R. S. 1899).

Appeal from Douglas Circuit Court.—*Hon. John T. Moore*, Judge.

REVERSED AND REMANDED.

*Burkhead & Clarke* for appellant.

An execution from a justice court returned on the eighty-ninth day is premature. The right to a transcript execution depends on the justice's execution and a *nulla bona* return at the expiration of ninety days. Huhn v. Long, 122 Mo. 605. "Not satisfied" ("I hereby certify that I served within execution") are not

synonymous with *nulla bona,* and does not answer the requirements of the statute, Sec. 6287, R. S. 1889, Sec. 4019, R. S. 1899. The constable must make a thorough search for property of the execution debtor whereof to make the levy. And such return does not authorize an execution from the circuit court, and a sale by the sheriff thereunder does not convey execution debtor's title. Langford v. Few, 146 Mo. 142; Reed v. Lowe,. 163 Mo. 519; Johnson v. Laldo, 84 Mo. 142. The burden was on defendant to show that the justice's execution had been returned at the end of ninety days with the proper *nulla bona* thereon. Reed v. Lowe, 163 Mo. 519. The return of the constable on the execution must show search was made with execution up to return day. Reed v. Lowe, 163 Mo. 519; Langford v. Few, 146 Mo. 142; Huhn v. Long, 122 Mo. 600, 117 Mo. 103; Cummings v. Brown, 181 Mo. 711; Marks v. Hardy, 86 Mo. 232.

BURGESS, J.—This is an action to set aside a sheriff's deed, made March 30, 1901, conveying to defendant a small parcel of land in Douglas county, Missouri. The levy and sale were made by virtue of a transcript execution issued out of the circuit court of Douglas county on March 6, 1901, based upon a justice's transcript of a judgment by default rendered by him against the plaintiff in this suit on December 2, 1899, and filed in said circuit court on June 27, 1900, upon which judgment the justice issued an execution December 2, 1899, returnable in ninety days. Upon this execution the constable made the following return: "I hereby certify that I served within execution Dec. 8th, 1899. For serving execution, $.50." Underneath this, in pencil, was the following: "Now on this 1st day of March, 1900, this execution is by me returned not satisfied, for the reason that no property belonging to the deft. could be found subject to execution. J. D. Hart-

ley, constable.'' The justice's transcript was made December 29, 1899, and showed that that execution was returned by the constable on the 8th day of December, 1899.

The court found the issues for the defendant, and rendered judgment against plaintiff for costs. Plaintiff appeals.

The statute (Sec. 4034, R. S. 1899) provides that an execution issued by a justice of the peace shall be directed, except where it is otherwise specially provided, to the constable of the township where the justice resides, and it shall run against the goods and chattels of the person against whom it is issued, and be dated on the day it is issued and be returnable in ninety days from its date.

Sections 4018 and 4019 confer the right upon the person in whose favor the judgment may be to take and file a transcript of the judgment in the office of the clerk of the circuit court, which judgment from the time of filing the transcript becomes a lien upon the real estate of the defendant in the county, as a judgment of the circuit court, but the statute (sec. 4019) provides that ''no execution shall be sued out of the court where the transcript is filed, if the defendant is a resident of the county, until an execution shall have been issued by the  justice, directed to the constable of the township in which the defendant resides,  . . . .  and returned that the defendant had no goods or chattels whereof to levy the same.''

This being a direct attack upon the validity of the sheriff's sale, it may be set aside for irregularity in the proceedings had prior thereto, including the premature return of the execution by the constable, if it was premature. It is well settled that an execution issued by a justice of the peace should not be returned before the time fixed by law, and if it should be it is irregular and invalid.

The execution was issued by the justice on December 2, 1899, and made returnable in ninety days. "The time within which an act is to be done should be computed by excluding the first day and including the last." [Huhn v. Lang, 122 Mo. 600.] Excluding December 2, 1899, the day upon which the execution was issued, and including the day upon which, as defendant contends, it was returned, to-wit, March 1, 1900, the execution, as will be seen, was in the hands of the constable eighty-nine days, the year 1900 not being a leap year. But aside from that, the contention of defendant in this regard is not supported by the record. The justice's docket which was in evidence and the first indorsement upon the execution, made by the constable in his own handwriting, and signed by him, shows that the execution was returned served by him on the 8th day of December, 1899, which was only six days after its issuance, and the return was therefore premature and void. [Marks v. Hardy, 86 Mo. 232; Himmelberger-Harrison Lumber Co. v. McCabe, 220 Mo. 154.] Having been indorsed served by the constable on the 8th day of December, 1899, the presumption is that it was served and returned as indicated. He himself testified that he delivered the execution to the justice two or three days after he made said endorsement upon it. When the execution was returned to the justice it then became *functus officio,* and the only way that it could be legally returned to the hands of the constable thereafter was by being renewed in the manner provided by section 4038, Revised Statutes 1899.

For the reasons indicated the judgment is reversed and the cause remanded. All concur.