SARAH M. DICKINSON, Appellant, v. W. H. Vail, Respondent.

Kansas City Court of Appeals, May 20, 1918.

1. **NEGOTIABLE INSTRUMENT STATUS: Renunciation: Consideration.** It is provided in the Negotiable Instrument Statute (Sec. 10092, R. S. 1909) that the holder of a note may renounce his rights against any party to the instrument. It was *held* that to renounce did not necessarily mean without consideration, and that though a written renunciation was given upon a consideration, it was valid.

2. **RENUNCIATION: Part of Note.** Under section 10092, R. S. 1909, of the Negotiable Instrument Statute the holder may renounce a part of the note.

3. ——: **Absolute and Unconditional: Conditional.** If an "absolute and unconditional" renunciation is made by the holder to the principal debtor it releases all parties to the instrument. But this would not prevent the holder from making a conditional renunciation to any of the parties including the principal debtor.

Appeal from Bates Circuit Court.—*Hon C. A. Calvird,* Judge.

AFFIRMED.

*Silvers & Dawson* for appellant.

*Templeton & Hales* for respondent.

ELLISON, P. J.—Plaintiff's action was instituted to recover an alleged balance due on a promissory note. The judgment in the trial court was for defendant.

A promissory note was given to plaintiff for four hundred dollars, signed by J. W. Trimble, Nora Trimble, J. G. Rennie, W. M. Bennington and W. H. Vail. The action was dismissed as to all except defendant Vail. On the face of the note all these parties appear to be makers, but in fact, the three named last were sureties for the two named first. After the note became due plaintiff and defendant Vail entered into the following written contract: "This indenture, made and entered into this 31st day of December, 1915, by and between Sarah M. Dickinson, party of the first part, and W. H. Vail, party of the second part, Witnesseth:—That, Whereas, on the 1st day of January, 1913, W. H. Vail, J. G. Rennie, and W. M. Bennington, signed as securities a certain promissory note payable to Sarah M. Dickinson, and made by J. W. Trimble and Nora Trimble, his wife; and whereas, the said note is past due and unpaid; and whereas, demand has been made on the said J. W. Trimble for payment, and he has refused to pay the said note; Now, Therefore, in consideration of the payment of the sum of two hundred and sixteen dollars ($216) by W. H. Vail to the said Sarah M. Dickinson, the receipt whereof is hereby acknowledged, the said Sarah M. Dickinson,

has released, and by these presents does release, the said W. H. Vail from any and all further liability on the said above-described note:—Provided, That if the said party of the first part file suit against the above-named J. G. Rennie, obtain judgment, and levy execution on the goods and chattels of the said J. G. Rennie and be unable to recover the balance due on the said above-described note, then the said party of the second part agrees to pay the said balance on the said note; otherwise he is forever released as above set forth."

In compliance with this agreement plaintiff brought suit against Rennie before a justice of the peace, but judgment was rendered against her by the justice on the ground that plaintiff had extended the time of payment without Rennie's consent. She appealed to the circuit court, but negligently failed to give notice of the appeal and it was dismissed, and thus Rennie became finally discharged from obligation on the note.

Plaintiff insists that since the payment made by defendant was a payment he owed to her and was in duty bound to make, it was not a consideration for her agreement to release him from the obligation to pay the balance. Defendant's position is that a consideration was not necessary and he relies on section 10092, Revised Statutes 1909, of our Negotiable Instrument Law. That section reads as follows: "The holder may expressly renounce his rights against any party to the instrument before, at or after its maturity. An absolute and unconditional renunciation of his rights against the principal debtor made at or after the maturity of the instrument discharges the instrument. But a renunciation does not affect the rights of a holder in due course without notice. A renunciation must be in writing, unless the instrument is delivered up to the person primarily liable thereon." Plaintiff insists that that section only refers to and includes releases which were made without consideration. Plaintiff's idea seeming to be that the word "renunciation" used in the statute was not a bargain, but a renouncing in the sense of refusal to have further to do with the thing renounced. We think that not a proper con-

struction of the statute and that it may be made for a consideration. [Whitcomb v. National Bank, 123 Md. 612.]

Neither do we agree with plaintiff that the statute will not apply unless the *whole* note is renounced or released. If one may effectually renounce the entire claim without consideration, there would seem to be no reason why he may not also be bound by a renunciation of a part of it.

In this connection we note the particular objection made by plaintiff to the written agreement above quoted. She insists that to be at all effective under the negotiable instrument statute, the renunciation must be "absolute and unconditional." The words just quoted are only a part of that section. The first sentence authorizes the holder of the note to renounce his rights against *any* party to the instrument; while the second sentence refers alone to the *principal* debtor, and makes "an absolute and unconditional renunciation" as to him a discharge of the instrument. But this does not hinder such holder from conditionally releasing any of the parties to the note, including the principal debtor. The statute merely affirms the effect of an absolute and unconditional renunciation to the principal debtor, but it does not prevent a renunciation that is not absolute and unconditional.

The judgment is affirmed. All concur.