## JESSIE McPHERRIN, Appellant, v. LUMBERMEN'S SUPPLY COMPANY, et. al., Respondent.

In the Kansas City Court of Appeals, June 12, 1922.

1. **MECHANICS' LIENS: Principal Contractor Held Necessary Party to a Suit to Adjust Rights of Lien Claimants and Properly Made so on Motion of Lien Claimant.** Under section 7225, Revised Statutes, 1919, the principal contractor to whom materials were furnished, was a proper and necessary party to a suit by owner wherein she asked that the rights of all lien claimants be adjusted, and he was properly made such a party by the court on motion of one of the defendant lien claimants, regardless of whether his name was interlined in the caption of plaintiff's petition as one of the defendants, with or without plaintiff's authority.

2. **SUMMONS: Process: Not Necessary to Serve Copy of Petition on Defendants Served Subsequent to First Defendant, and Defective Service on First Defendant Made no Difference Where it Appeared and Made no Complaint.** Under section 1186, Revised Statutes 1919, providing that where there are several defendants, a copy of the petition is necessary to be delivered with writ to defendant first served, and as to "such as shall subsequently be served" a copy of the writ only is all that is necessary, *held* defendant was properly served by delivering to him a copy of the writ without a copy of petition, where the record showed that another defendant previously served had appeared, and the inartificial way in which first defendant was brought into court would make no difference as it made no complaint.

3. **MECHANICS' LIEN: Jurisdiction: Court Has Jurisdiction to Adjudicate Rights of One Lien Claimant in Suit Where Several Lien**

211 M. A.—25

Claimants Were Parties Even Though at Time of Trial All of the Other Liens Had Been Satisfied and Discharged. In a suit where there were several lien claimants, under section 7240, Revised Statutes 1919, the court had jurisdiction to adjudicate the rights of one lien claimant, even though previous to the trial the other liens had been satisfied and discharged, the court having acquired jurisdiction of the several lien claims at the time the suit was filed enabled the court to retain jurisdiction until full relief was granted to all parties, since section 7242, Revised Statutes 1919, prohibiting equitable suit if there is only one lien, has no reference to such a situation.

4. APPEAL AND ERROR: Assignments of Error: General Assignment of Error Where not Pointed out nor Mention Made Thereof in Points and Authorities of the Brief, or in the Argument, Considered Abandoned and not Relied Upon. Where an alleged error is not apparent or discernible to ordinary inspection and not specified or pointed out in any way, nor mention made of it either in the points and authorities of the brief or in the argument, appellate court will assume it has been abandoned or is not relied upon.

5. MECHANICS' LIENS: Notice: Notice to Owner of Intention to File Lien Held Sufficient and to be Given Within Statutory Period. A notice given to owner of intention to file a lien, served on the 28th day of January, stating lien would be filed upon the 7th day of February, gave full ten days notice as required by the 4th clause of section 7058, Revised Statutes 1919.

6. ———: Notice of Lien and of Filing of Claim by Firm Doing Business Under Two Different Names, Held Sufficient. Where two partners had been doing business under one fictitious name and thereafter resumed business as partners under another name, and in doing so used the names indiscriminately and no distinction was made as to which name they used, which was known to the contractor to whom they furnished materials for owner's house, a notice of lien given in the name later adopted by them, and a lien claim filed in that name, and the proceedings in the suit to determine their claims being prosecuted under the name of the two partners doing business under the later name, and also sometimes under the former name, *held* sufficient notice under the law.

7. ———: Filing of Answer and Cross-petition by Materialmen Made Parties to a Suit Brought by Property Owner to Adjudicate Liens Held Beginning of Suit and to Have Been Filed Within 90 Days from Filing of Lien. In a suit by owner of property to adjudicate liens against the same, the lien claimants, materialmen, began their suit by being made parties defendants and filing their

answer and cross-petition on the 90th day from the filing of the lien counting the filing day as the first one.

8. ———: **Limitation of Actions: Failure to File Suit Within Statutory Period Must be Pleaded to be Available.** Section 7237, Revised Statutes 1919, requiring suits to be brought within 90 days is a Statute of Limitations and must be pleaded to be available.

9. **PLEADING: Refusal to Strike Out Pleading for Delay in Filing Same Within Time Allowed by Court, Held Tantamount to Finding That Delay was not Unnecessary and in Effect a Permission to File the Same.** Where lien claimant's third amended answer and cross-petition on which case was tried was not filed within the ten days allowed by the court upon the sustension of plaintiff's motion to make more definite and certain, but was filed a few days thereafter, the refusal of the trial court to strike out the answer and cross-petition when asked to do so on that ground was tantamount to finding that the delay was not unnecessary, and in violation of section 7232, Revised Statutes 1919, requiring suit to be prosecuted without unnecessary delay, and was in effect a permission to have the few extra days in which to file the same.

10. **MECHANICS' LIENS: Lien not Destroyed Because Attorney for Defendant Took from Clerk's Office a Lien Claim and Retained the Same for Several Days.** The contention that mechanic's lien was destroyed because attorney for defendant gave a receipt to the circuit clerk and took the lien claim out of the office for several days, presumably when preparing the case for trial, is without merit.

11. ———: **Whether Materials Were Furnished and Entered into Construction of Building are Questions of Fact and if Supported by Substantial Evidence are Binding upon Appellate Court.** Whether materials were furnished and entered into the construction of the building, and, if so when, are questions of fact, and the findings thereon of the court, sitting as a trier of the facts, are binding upon us, if there is any substantial evidence to support them.

12. ———: **Property Owner Cannot Complain that Court Erred in Making Mechanic's Lien Superior to the Lien of a Deed of Trust on the Property.** The owner of property cannot complain that the court erred in making a mechanic's lien superior to a lien of a deed of trust, such being an objection which might be raised by the holder of the deed of trust if the ruling of the court was shown to be erroneous.

13. **APPELLATE PRACTICE:** Brief Should Cite Sections of Statute According to Current Revision. Brief should cite sections of statute according to 1919 revision, which is the current revision, and thereby relieve the appellate court from the labor of hunting up the sections of the prior revision in the current revision.

Appeal from the Circuit Court of Jackson County.— *Hon. William C. Reynolds,* Special Judge.

Affirmed.

*James McElin* and *Harding, Murphy, Stinson & Tucker* for respondent.

*S. C. McPherrin, H. G. Pope* and *Chas. H. Winston* for appellant.

TRIMBLE, P. J.—Plaintiff, as the owner of certain real estate in Kansas City, and having erected thereon an apartment house upon which materialmen had filed lien claims for materials furnished in the construction of the same, brought this suit under what is now section 7240, Revised Statutes 1919, to have all of said claims adjudicated in one action. Her suit was filed January 22, 1918.

In her petition the following lien claimants and others were made parties defendant, to-wit: The Lumbermen's Supply Company, the C. A. Brockett Cement Company and the Funsten Electric Company, who were lien claimants, and Byron G. Bliss, Trustee, and Sumner Investment Company, Beneficiary, in a deed of trust on the property given to secure a note of $6500.

It was alleged in the petition that plaintiff had more than fully paid the contractor the contract price for said building; that each of the three lien claimants had given plaintiff what purported to be a notice of lien claim and that they had filed what purported to be lien claims for materials furnished to said contractor, and in one instance, that of the Funsten Electric Company, for ma-

terials furnished Shaw, a subcontractor; and that the Lumbermen's Supply Company had filed suit on its claim before a justice of the peace.

It was further alleged that "there may be other claimants with pretended liens against her and her said property, but of which she has no legal notice, and if there be any such, they do not appear of record in this county or court. Wherefore, plaintiff prayed "for relief against all parties who have or hold claims against her said property; *that they be required to appear in this suit* and set up their alleged claims; and that all suits now pending or that may thereafter be filed be transferred to this cause to be determined herein, as in such cases by the laws of this State made and provided, that the title to said property may be tried and determined and the rights of all said parties to said property truly ascertained" etc.

Summons was duly issued for all of the above mentioned defendants on the 23rd day of January, 1918. On the 25th of January, 1918, the defendant C. A. Brockett Cement Company filed motion to make "Frank B. Rohe, doing business as F. B. Rohe Construction Company," a party defendant as said Frank B. Rohe was a necessary party. The one thus sought to be made a party defendant was the original contractor in the erection of said building. On January 28, 1918, this motion was by the court sustained, and on February 18, 1918, a summons was issued to Frank B. Rohe, doing business as Rohe Construction Company, commanding him to appear on the Second Monday in March next. This summons was executed on the 23rd day of February, 1918, by the sheriff "leaving a copy of this writ at the usual place of abode of the within named defendant Frank B. Rohe with a person of his family over the age of fifteen years."

On motion of the defendant, Funsten Electric Company, J. H. Shaw, the subcontractor, was made a party defendant and summons was ordered, to issue for him as a new defendant, and on said 23rd day of February,

1918, summons was issued to J. H. Shaw and Frank B. Rohe to appear on the Second Monday in March next, and this summons was executed on said 23rd day of February, 1918, "by delivering a copy of this writ to the within named defendant Frank B Rohe" and a *non est* return was made as to the defendant Shaw.

At the March term, 1918, an alias summons was issued for Shaw commanding him to appear at the May term and this writ was executed "by leaving a copy of this writ at the usual place of abode of the within named defendant, J. H. Shaw, with a person of his family over the age of fifteen years."

The original defendants, the three lien claimants and the Trustee and Beneficiary on the deed of trust, filed their respective answers and crossbills. On April 23, 1918, S. C. McPherrin was, on motion of the defendant C. A. Brockett Cement Company, made a party defendant, and on April 25, 1918, the Pittsburgh Plate Glass Company was, on its own motion, made party defendant and filed its answer and cross petition. On May 7, 1918, "E. J. Haag Building and Supply Company, a partnership composed of E. J. Haag and Arthur Garvey" were made parties defendant on their own motion, and they filed their answer and cross petition. On September 22, 1919, the A. O. Thompson Lumber Company filed motion to be made party defendant, and same was done and it filed its answer and cross petition on October 29, 1919.

During this time and on up to June 23, 1920, a large number of motions were filed by plaintiff, consisting of demurrers, motions to make more definite and certain, motions to dismiss, to continue and for change of venue, to strike out, to quash summons, etc. And finally the case came on for trial before the Hon W. C. Reynolds, Special Judge in Division 9 of the Circuit Court on June 22, 1920.

In the meantime the defendants E. J. Haag and Arthur Garvey doing business under the name of E. J. Haag Building and Supply Company and also sometimes

under the name of E. J. Haag Sash and Door Company had filed their third amended answer and cross petition, on which the case went to trial. At the time of the trial, it seems that the lien claims of all of the defendants had been paid off, except the one of said E. J. Haag and Arthur Garvey above mentioned.

In the judgment rendered June 23, 1920, it is recited that the "defendant Frank B. Rohe, although duly summoned and solemnly called comes not but makes default."

The cross petitions of all the other intervening petitioners as lien claimants were dismissed for want of prosecution.

The motion of plaintiff to strike out the words "and Frank B. Rohe, doing business as Rohe Construction Company, written with pen and ink in the caption of plaintiff's petition" (and which plaintiff claimed was done without her knowledge or consent) was overruled. The court also overruled the plaintiff's motions to quash the summons of February 18 and 23, 1918, for Frank B. Rohe and to quash the sheriff's returns thereon.

The court then found all the issues in favor of the defendants E. J. Haag and Arthur Garvey.

The court expressly found that E. J. Haag and Arthur Garvey were partners and that they did business under the name of E. J. Haag Building and Supply Company and sometimes also under the name of E. J. Haag Sash and Door Company, sometimes using one name and sometimes the other "but generally were considered and known as the E. J. Haag Building and Supply Company and whether they used one name or the other, that either name meant the copartnership, viz., E. J. Haag and Arthur Garvey."

The court then found all the facts necsessary to entitle said defendants to a lien on said property to the amount of $256 for materials furnished and entering into the construction of said building.

The court, with reference to the deed of trust heretofore mentioned, found that such a deed of trust existed, "but whether the same was given and filed for record before the commencement of the construction of said building, is not shown by the evidence in the case, and the court makes no finding upon that question."

Wherefore, the court rendered judgment in favor of the defendants E. J. Haag and Arthur Garvey doing business under the name of E. J. Haag Building and Supply Company against the defendant Frank B. Rohe, doing business under the name of Rohe Construction Company, in the sum of $256 and made the same a special lien on the property superior to the lien of said deed of trust.

From this judgment and decree the plaintiff has appealed.

Appellant makes numerous complaints with reference to the making of Frank B. Rohe a party defendant, and contends that he was not made such a party. Of course, if he was not a party defendant, the judgment is void. [Rumsey, etc., Co. v. Pieffer, 108 Mo. App. 486, 489; Sec. 7225, R. S. 1919.] But we think he was properly made a party. Whether his name was interlined in the caption of plaintiff's petition as one of the defendants, with or without plaintiff's authority, would seem to us to make no difference. She brought the suit and in her petition prayed that all persons having claims be required to appear and set up their claims so that the whole matter could be adjudicated, and in order for this to be properly done, it was necessary that Rohe be made a party. It was not necessary, in order to do this, that he be formally named as a party defendant in her petition, since he was made a party *by the court* on motion of one of the defendant lien claimants. Consequently, it does not matter what was done by the court with regard to plaintiff's motion to strike the interlineation out. It would seem that plaintiff is in rather an anomalous position when, in a suit wherein she asks that the

rights of all lien claimants be adjusted, she at the same time complains because a party necessary for that purpose is attempted to be brought in and made a party defendant.

But we apprehend that plaintiff's principal contention is that Rohe was not served, as required by the statute, inasmuch as it does not appear from the returns of the sheriff that a *copy of the petition* was served upon him but only a copy of the writ. The latter part of section 1186, Revised Statutes 1919, however, provides that where there are several defendants a copy of the petition is necessary for the one first served, and as to "such as shall subsequently be served" a copy of the writ only is all that is necessary. It is not asserted that Rohe was the first defendant summoned and it cannot be contended that he was, for the record shows that the Lumbermen's Supply Company was the first defendant brought into court "by consent & copy of pet. served and writ."

Under the circumstances herein shown, we think that the contractor was properly made a party defendant and properly served. The inartificial way in which the first defendant was brought into court can make no difference, because it appeared and is not complaining.

The fact that at the time of the trial only one lien claimant remained to litigate and have its claim adjudicated, cannot deprive the court of the power and jurisdiction under said section 7240, Revised Statutes 1919, to adjudicate the rights of the one remaining claimant after the others have been satisfied and dismissed. The existence of the several lien claims at the time the suit was filed enabled the court to entertain it, and when jurisdiction thus once rightfully attached, the court could retain jurisdiction until full relief was granted to all the parties. Section 7242, Revised Statutes 1919, has no reference to the present situation.

Appellant's second assignment of error charges error in the admission of defendant's exhibit 11. The al-

leged error is not apparent or discernible to ordinary inspection, and since it has not been specified or pointed out in any way nor mention made of it either in the points and authorities of the brief or in the argument, we assume it has been abandoned or is not relied upon. [Stuart v. Dickinson, 235 S. W. 446, 454; Combs v. Tschudy, etc., Lumber Co., 197 S. W. 342.] At any rate we will not cudgel our brains to discover some vague and hidden error which may or may not exist.

Error is also charged in admitting the notice given to the owner by the E. J. Haag Building and Supply Company of their intention to file a lien. The notice gave full ten days' notice, for it was served on the 28th of January, and gave notice of intention to file a lien on the 7th of February, 1918. [Rogers v. Wilson, 220 Mo. 213, 119 S. W. 369; Section 7058, R. S. 1919, 4th Clause.]

The contention that it is otherwise not a sufficient notice is untenable. The evidence is that E. J. Haag and Arthur Garvey were partners doing business up to 1915 under the name of E. J. Haag Sash and Door Company; that in that year they quit business but in 1917 resumed business as partners under the name of E. J. Haag Building and Supply Company, and in doing so used the billheads, letter-heads and stationary of the old firm, and the names were used indiscriminately and no distinction was made as to which name they used and that Rohe the contractor was well acquainted with them. The court specifically found these facts to be true and that whether the one or the other name was used, it was the same partnership, namely, that of E. J. Haag and Arthur Garvey. The notice of lien was given in the name of the E. J. Haag Building and Supply Company, the lien claim was filed in that name and the proceedings in this case were had by "E. J. Haag and Arthur Garvey doing business under the name of E. J. Haag Building and Supply Company and also sometimes under the name of E. J. Haag Sash and Door Company." The notice was prop-

erly signed by the party making the contract and it was a sufficient notice under the law.

In other words, notwithstanding the indiscriminate use of the bill-heads and other stationary of the old and new name, the materials were all furnished by one and the same firm, namely, the copartnership of E. J. Haag and Arthur Garvey then doing business as the E. J. Haag Building and Supply Company. This being so, there is no merit in the contention that the court erred in admitting the account in evidence and the lien claim that was filed. Other objections are made to the account but they are unsubstantial and are without merit.

The evidence shows that the account accrued on October 12, 1917. Appellant is mistaken in asserting that the lien claimant's evidence coincides with or corroborates plaintiff's evidence on that point. The lien claim was filed on February 7, 1918, and was therefore filed within four months of the accrual of the account. The lien claimants began their suit by being made parties defendant and filing their answer and cross-petition on the 90th day from the filing of the lien, counting the filing day as the first one. Suit was therefore brought in time. However, plaintiff did not set up in her reply to the defendant's cross-petition that the suit was not filed in time. Section 7237, Revised Statutes 1919, requiring suits to be brought within ninety days is a Statute of Limitation and must be pleaded to be available. [American Radiator Company v. Connor Plumbing Company, 211 S. W. 56.]

It is contended that because the lien claimant's third amended answer and cross-petition on which the case was tried was not filed within the ten days allowed by the court upon the sustension of plaintiff's motion to make more definite and certain, but was filed a few days thereafter, that this was a failure to prosecute the suit ''without unnecessary delay'' as required by section 7232, Revised Statutes 1919, and that therefore the lien is void and unenforcible. We think there is no merit in

this contention. The court refused to strike out the answer and cross-petition when asked to do so on this ground, and this was tantamount to finding that the delay was not unnecessary and was in effect a permission to have the few extra days in which to file the same.

Other contentions are made but they are so obviously without merit that they need no answer, such for instance as that the lien was destroyed because the attorney for defendant gave a receipt to the circuit clerk and took the lien claim out of the office for several days, presumably when preparing the case for trial. "Whether materials were furnished and entered into the construction of the building, and, if so when, are questions of fact, and the findings thereon of the court, sitting as a trier of the facts, are binding upon us, if there is any substantial evidence to support them." [Benning v. Farmers' Bank, etc., 190 S. W. 983, 984.] There was certainly substantial evidence to support the finding of the court in this case, and we see no reason for disturbing the judgment. The claim that the court erred in making the lien superior to the deed of trust is one which the holder of the deed of trust might raise and complain of if it were shown to be erroneous. But the holder thereof is not complaining and we do not see why plaintiff should.

The practice of citing sections of the statute according to the 1909 revision when the 1919 revision has been published and has been long since in force, does not speak well of care in preparation of the brief, nor does it lighten the labors of the court in examining and citing the sections referred to. Counsel owe it to the court to take the trouble to cite the sections according to the current revision, even if the sections of the old revision are better known, and some little labor is required to hunt up the same section in the new revision.

The judgment is affirmed. All concur.