## W. H. LARGE, Respondent, v. FRICK COMPANY, a Corporation, Appellant.*

In the Kansas City Court of Appeals, December 3, 1923.

1. **PRINCIPAL AND AGENT:** Agent Selling Machinery Impliedly Authorized to Appoint Subagents. The very nature of the work of selling machinery implied authorized the appointment of subagents.

2. ————: Agency Between Principal and Subagent May be Implied from Conduct and Acquiescence of Principal. Agency between principal and subagent of general agent of principal may be implied and shown by the conduct and acquiescence of the principal, or from the course of business between them and their actions in the course of their business dealings.

3. **ESTOPPEL:** One Inducing Another to Believe in Existence of Facts upon Which He Relies to His Prejudice is Estopped to Deny Existence Thereof. If one induces another to believe in the existence of a particular state of facts, and the other acts thereon to his prejudice, the former is estopped as against the latter to deny that the state of facts does in truth exist.

4. ————: Ratification: Principal May Ratify Acts of Unauthorized Agent. Principal may ratify the acts of an unauthorized agent and this is true even where the person who did the act was a subagent appointed by the general agent without the authority of the principal.

5. **STATUTE OF FRAUDS:** Contracts: Ratification: Written Contract Made Without Authority on a Subject Within Statute of Frauds

Large v. Frick Co.

May be Orally Ratified. A contract in writing made without authority and on a subject within the Statute of Frauds is susceptible of oral ratification.

6. ——: Defense of Statute of Frauds not Available as to Contract not in Writing if it is Completely Performed. The defense of the Statute of Frauds is not available as to a contract not in writing if it is completely performed.

7. PRINCIPAL AND AGENT: Independent Contractor: Subagent Has no Right of Action Where Intermediate Agent is Independent Contractor. A subagent, as such, has no right of action against the principal where the intermediate agent is an independent contractor.

8. STATUTE OF FRAUDS: An Oral Promise to Answer for the Debt of Another Held Within Statute of Frauds. An oral promise "we will see that you get your commission," is a promise to answer for the debt of another, and is within the Statute of Frauds (section 2169, Revised Statutes 1919), if it was intended and understood merely as a promise to pay the commission, if the promisor's general agent, for whom plaintiff was engaged as agent, did not pay it.

9. PRINCIPAL AND AGENT: Evidence Held to Show Subagent was Also Agent of Principal.. Evidence *held* to show that principal made plaintiff, who was a subagent, also its agent, and particularly as to the collection of a certain note of defendant.

10. ——: Principal not Entitled to Apply Commission of Agent to Indebtedness Owing it by General Agent Merely Because Agent was Also Agent of Principal's General Agent. Where defendant sent certain notes to plaintiff for collection, who collected same sending the proceeds to defendant, plaintiff thereby became the agent of defendant and was entitled to a commission to be paid therefor, and defendant could not deduct such commission and apply the same to the payment of the indebtedness of defendant's general agent, merely because plaintiff was also agent of defendant's general agent, since plaintiff was not a party to the contract between defendant and general agent authorizing application of any commissions to indebtedness owed defendant by general agent.

11. STATUTE OF FRAUDS: Not Necessary to Formally Plead Statute Where Contract Alleged was Denied in the Pleadings. The statute did not have to be formally pleaded since the contract alleged was denied in the pleadings.

12. ——: Affirmative Defense: Statute of Frauds Being an Affirmative Defense, Must be Called to Court's Attention by Objection to Evidence on That Ground or by Request for Instruction on That Theory. As the benefit of the Statute of Frauds is an affirmative defense,

it must be pointedly brought to the attention of the trial court either by objection to the evidence on that ground, or by requests for instruction on that theory.

13. **INSTRUCTIONS: Instruction Held not Demurrer to Evidence but Peremptory Instruction to Find for Defendant in a Definite Sum.** In an action to recover balance of commission due, in which a counterclaim was filed, defendant's requested instruction that under the law and the evidence your verdict must be for defendant in a certain sum, naming it, together with interest thereon from a certain date, amounting to a certain number of dollars, *held* not a demurrer to plaintiff's evidence but a peremptory instruction to find for defendant in a definite sum as principal and definite sum as interest due thereon.

14. ————: **Where Evidence Conflicting, Court Could not Tell Jury Defendant's Witnesses Must be Believed.** Where the evidence was conflicting, the court could not tell the jury that defendant's witnesses must be believed.

15. **INTEREST: In Actions for Money it is Error for Court to Calculate Interest for Jury and Direct Verdict for a Definite Amount.** Under section 1423, Revised Statutes 1919, in actions for money, it is error for the court to calculate the interest for the jury and tell them to render a verdict for a definite amount.

16. **APPEAL AND ERROR: Where Error not Specified or Pointed Out, Appellate Court Will not Search Therefor.** Where alleged error is not specified nor pointed out in any way, the appellate court will not search to discover it.

*Headnote 1. Agency, 2 C. J., Section 347; 2. Agency, 2 C. J., Section 350; 3. Estoppel, 21 C. J., Section 116; 4. Agency, 2 C. J., Sections 82, 346; 5. Agency, 2 C. J., Section 105; 6. Frauds Statute of, 27 C. J., Section 405; 7. Agency, 2 C. J., Section 445; 8. Frauds Statute of, 27 C. J., Section 20; 9. Agency, 2 C. J., Section 727; 10. Agency, 2 C. J., Section 352 (1926 Anno); 11. Frauds Statute of, 27 C. J., Section 447; 12. Frauds Statute of, 27 C. J., Sections 454, 455; 13. Trial, 38 Cyc, p. 1545; 14. Trial, 38 Cyc, p. 1739 (1926 Anno); 15. Interest, 33 C. J., Section 199 (1926 Anno); 16. Appeal & Error, 3 C. J., Section 1588.

Appeal from Circuit Court of Pettis County.—*Hon. Dimmitt Hoffmann*, Judge.

AFFIRMED.

*W. W. Blain* for respondent.

*Bente & Wilson* for appellant.

TRIMBLE, P. J.—Plaintiff brought this action to recover an alleged balance of $128.50 claimed to be due

for commission on the sale of a threshing engine by plaintiff as the agent of the defendant and of Morris Machinery Company, defendant's general distributing agents, and for expenses incurred in the collection of notes for the defendant company.

The sale upon which the alleged balance of commission is due was that of a threshing machine engine to one John Deppeler, Jr., for $3370, of which $1000 was paid in cash and the balance was represented by three notes of $790 each, due respectively in one, two and three years. Plaintiff received, through Morris Machinery Company, his commission of $92.50 on the first note when it was paid; and when the second note became due defendant sent it to plaintiff who collected and remitted to defendant, retaining his commission of $92.50; and the suit is for the $92.50 commission due on the third note and $36 expenses incurred in the collection of it and other notes of defendant, no charge being made for services in collecting said notes save the necessary expenses incurred in so doing.

The defendant set up, in its answer and counterclaim, that Morris Machinery Company was defendant's general agents to sell its farm machinery in certain territory and that plaintiff was agent of said Morris Machinery Company, and, as such, sold the engine in question for the cash and the three notes aforesaid, the said notes being payable to the defendant and sent to it; that plaintiff collected the first note and remitted in full to defendant without retaining anything, plaintiff being paid, if at all, by Morris Machinery Company; that the second note was sent to plaintiff and he collected and remitted all of the proceeds except the $92.25 which plaintiff wrongfully retained less the sum of $16 which defendant agreed to allow plaintiff for expense in making collection; that during the year 1920 the Morris Machinery Company became indebted to defendant for more than $5000 and by the contract between defendant and said Morris Machinery Company, it is provided that when the latter owed the former, defendant could

apply all commissions due the Morris Machinery Company to the payment of said indebtedness, and the total commissions due the Morris Machinery Company is not sufficient to pay said indebtedness but the latter still owed defendant a large amount of money, after said commissions have been applied thereon; that plaintiff was not the agent of defendant but was the agent of said Morris Machinery Company. Defendant denied that it owed the $20 of the $36 claimed for expenses, and prayed for judgment for the remainder of the $92.25 after deducting the $16 it admitted it owed to plaintiff.

The jury found for plaintiff, on his petition, in the sum of $108.25 and against defendant on its counterclaim. The defendant appealed. The plaintiff's evidence is that he sold the engine on blanks furnished by the defendant, and, after taking the order, wired defendant to that effect and sent the order to their general agent Morris Machinery Company; that every year the defendant sent him price lists and that he represented the defendant and sold various articles of farm machinery for them; that defendant received and held the notes in controversy and numerous letters were introduced written by defendant giving various directions to him as to what to do in the collection of these notes, and disclosing clearly that defendant knew plaintiff had an interest in them; that he collected the first note and sent it to defendant direct without retaining his commission but when he remitted the proceeds of the second note he deducted his commission. He also testified to making the other collections as directed by defendant and the expenses incurred in so doing.

The defendant introduced a contract between it and Morris Machinery Company whereby it became the defendant's general agent to sell its machinery in Missouri and other States, in which contract was a clause authorizing the application of its commissions to any indebtedness of the general agent to defendant and offered evidence to the effect that after applying all commissions of said general agent to the indebtedness owed

the defendant there was still a large debt left. Defendant also introduced in evidence the contract between Morris Machinery Company and plaintiff covering the latter's agency for it; and contended that plaintiff was its agent and not the agent of defendant.

Plaintiff, however, testified that he was "leary" of the financial reliability of Morris Machinery Company and insisted on getting assurances from defendant Frick Company, and, in an interview with its General Manager, the latter said to plaintiff to "go ahead and we will see that you get your commission." The Morris Machinery Company afterwards went into bankruptcy. Plaintiff contends also that he had an interest in the notes when. given, that defendant knew this and could not take his interest therein for a debt owed to it by Morris Machinery Company; that defendant made plaintiff its agent and by its conduct is estopped from denying plaintiff's agency, and cannot be heard to say that it should not pay him.

So far as concerns the authority of Morris Machinery Company to appoint subagents, the very nature of the work of selling machinery impliedly authorized the appointment of them. [2 C. J. 688; Hodkinson v. McNeal Machinery Co., 161 Mo. App. 87, 91.] And, indeed, agency between plaintiff and defendant may be implied and shown by the conduct and acquiescence of the principal, or from the course of business between them and their actions in the course of their business dealings. [Haubelt Bros. v. Rea, etc., Milling Co., 79 Mo. App. 672; Hefferman v. Boteler, 87 Mo. App. 316, 322.] If one induces another to believe in the existence of a particular state of facts, and the other acts thereon to his prejudice, the former is estopped as against the latter to deny that the state of facts does in truth exist. [State Bank v. Frame, 112 Mo. 502, 513; 21 C. J. 1060; Lange v. New York Life Ins. Co., 254 Mo. 488, 506.] The principal may ratify the acts of an unauthorized agent and this is true even where the person who did the act was a subsagent appointed by the agent without the author-

ity of the principal. [2 C. J. 469; Platt v. Francis, 247 Mo| 296, 309.] And even a contract in writing made without authority and on a subject within the Statute of Frauds is susceptible of oral ratification, and on a contract not in writing if it is completely performed the defense of the Statute of Frauds will not avail. [Bless v. Jenkins, 129 Mo. 647, 660.]

But without regard to all this, the evidence shows that defendant also made plaintiff its agent, even though plaintiff was the agent of defendant's general agents, Morris Machinery Company. It is quite true that, merely as such, a subagent has no right of action against the principal where the intermediate agent is an independent contractor, such as Morris Machinery Company was. [Hill v. Morris, 15 Mo. App. 322.] But, in this case, the evidence shows that defendant made plaintiff its own agent,

It may very well be that the oral promise "We will see that you get your commission" is a promise to answer for the debt of another and is therefore within the Statute of Frauds. [Section 2169, R. S. 1919.] It certainly was, if it was intended and understood merely as a promise to pay the commission if Morris Machinery Company did not pay it. In this case, however, Morris Machinery Company did not have the note in controversy and did not collect it, but it was sent by defendant to plaintiff, and the same was collected by him and the proceeds sent to defendant direct, and, under the circumstances, it is not seen how defendant could apply plaintiff's commission to the payment of Morris Machinery Company's debt to it, since plaintiff was no party to the clause in that contract authorizing the application of any commissions to its indebtedness owed to defendant.

But even if the Statute of Frauds or any section thereof could have been available as a defense, it was not made use of here. It is true, the statute did not have to be formally pleaded since the contract alleged was denied in the pleadings. [Hillman v. Allen, 145 Mo 638, 643; Boyd v. Paul, 125 Mo. 9; Hart v. Ford, 142 Mo. 283,

301.] But we have searched the record carefully and fail to find a single place anywhere in the trial that any mention whatever is made by defendant of the Statute of Frauds or that it was *invoked* or *relied upon* by defendant as a defense. The only objection to the testimony, as to the defendant seeing that plaintiff would get his commission, was that the answer was not responsive. And when plaintiff was about to testify as to what his commission was, defendant's counsel said: "It is not competent, but we waive it." As the benefit of the Statute of Frauds is an affirmative defense, "it must be pointedly brought to the attention of the trial court in some way, either by objection to the evidence on that ground, or by requests for instruction on that theory." [Schmidt v. Rozier, 121 Mo. App. 306, 313; Smith v. Hainline, 253 S. W. 1049, 1052.] Nothing of the sort was done. Defendant asked no instructions save the following, which it contends is a demurrer to the evidence and should have been given:

"The court instructs the jury that under the law and the evidence in this case your verdict must be for the defendant in the sum of $76.25 together with six per cent interest thereon from the 22nd of May, 1921, amounting to two and 50/100 dollars."

This said nothing about the Statute of Frauds; and since the statute was nowhere invoked, it cannot be relied upon to support the contention that plaintiff is not entitled to recover. Besides, the instruction was not a demurrer to plaintiff's evidence, but a peremptory instruction to find for defendant in a definite sum as principal and a definite sum as the interest due thereon. The court, under the state of the evidence, could not tell the jury that defendant's witnesses must be believed. And furthermore, in suits or actions for money it is error for the court to calculate the interest for the jury and tell them to render a verdict for a definite amount. [Section 1423, R. S. 1919; Ward v. Bowman, 228 S. W. 333; Boutross v. Miller, 223 S. W. 889; Milan State Bank v.

McCallister, 246 S. W. 609.]   Consequently, the court did not err in refusing the instruction.

The ground of appellant's complaint against plaintiff's instruction No. 3 is that plaintiff was the agent of Morris Machinery Company and not of defendant, and that "Respondent, Large, had no claim upon appellant for said commission. He was not his agent. Therefore said instruction was misleading to the jury, was not based upon the evidence and did not declare the law under the evidence." We have seen, however, that there was evidence that plaintiff was defendant's agent, and certainly conclusive evidence that he was as to the collection of the notes. The basis of defendant's objection to the instruction, therefore, fails. If the instruction is erroneous in any other particular it is not pointed out. Where alleged error is not specified nor pointed out in any way, the appellate court will not search to discover it. [McPherrin v. Lumbermen's Supply Co., 211 Mo. App. 385, 394.]

The judgment is affirmed. All concur.