Louis L. Ott, Appellant, v. Wm. P. Stone, Respondent.*—29 S. W. (2d) 726.

Kansas City Court of Appeals. December 5, 1927.

*Ira H. Lohman* for respondent.

*Irwin & Bushman* for appellant.

FRANK, C.—Action against respondent, W. P. Stone and one T. J. Stone, to recover balance due on a promissory note. The judgment in the trial was in favor of respondent W. P. Stone and against T. J. Stone for the amount due on the note.

The petition alleges that on December 28, 1917, respondent and T. J. Stone for value received executed their promissory note in the sum of $2447.99, due thirty days after demand, payable to the order of Phillip Ott, and bearing six per cent compound interest, payable semi-annually; that the sum of $1308.68 was paid on said note and credited thereon on February 27, 1919; that Phillip Ott, the payee in said note died testate in Cole county, Missouri, on September 15, 1918, and by the terms of his will said note was bequeathed to appellant, Louis Ott, who at all times since has been the owner and holder thereof; that demand was made for the payment of said note more than thirty days before the filing of this suit.

Defendant, T. J. Stone defaulted. Respondent answered denying any indebtedness whatever to appellant and alleging that his obligation on the note was for a valuable consideration fully paid off and discharged and that for value received appellant agreed to discharge and release him from any and all liability on said note.

At the trial respondent admitted the execution of the note; that appellant was the owner and holder thereof and that payment thereof was demanded more than thirty days before suit thereon.

Respondent's evidence is to the effect that respondent and defendant T. J. Stone were partners and engaged in building houses and other construction work in Jefferson City, Missouri; that appellant owned and operated a lumber yard in said city; that his partnership with T. J. Stone was dissolved in the early part of the year 1919; that at the time of this dissolution, the partnership owed appellant, in addition to the note in suit, an open account; that at that time respondent was indebted to appellant on individual notes and accounts; that after the dissolution of the partnership appellant and respondent settled and adjusted respondent's indebtedness to appellant; that in said settlement it was verbally agreed by and between appellant and respondent that if respondent would pay his individual indebtedness in full, one-half of the open account which the firm owed and one-half of the note in suit, appellant would release and discharge him from any other or further liability on said notes; that in consummation of said settlement agreement, respondent conveyed to appellant two properties in Jefferson City at the agreed price of $12,200; that the encumbrance on said properties, respondent's individual indebtedness to appellant, one-half of the firm account and one-half of the note in suit amounted to the total sum of $10,799.87; that defendant accepted the deeds to said properties at the agreed price of $12,200 in payment of respondent's indebtedness and paid respondent the difference between that sum and $10,799.87 and gave respondent a receipt which recited that appellant had received from respondent $1308.68 for one-half principal and one-half interest on Stone and Stone note for $2447.99; that in the settlement agreement,

it was understood that respondent was to continue to buy lumber used in his construction work from appellant.

Appellant denied that he agreed to release respondent from further liability on the note.

At the close of the evidence appellant requested the court to instruct the jury to find a verdict for plaintiff. The refusal of this instruction is assigned as error. This contention is presented here on the theory that appellant's renunciation or release of his right against respondent on the note,. if made, not being in writing, is ineffectual because violative of section 908 of the negotiable instrument law. This section reads:

"The holder may expressly renounce his rights against any party to the instrument before, at or after its maturity. An absolute and unconditional renunciation of his rights against the principal debtor made at or after the maturity of the instrument discharges the instrument. But a renunciation does not affect the rights of a holder in due course without notice. A renunciation must be in writing, unless the instrument is delivered up to the person primarily liable thereon."

Under the plain terms of this statute, a renunciation or release of the rights of a holder against the maker of a negotiable instrument, to be effective, must be in writing. Therefore, if on the record as presented in this court, appellant is in a position to invoke the statute, the verbal agreement of settlement and release testified to by respondent is no defense in this case.

Respondent insists that at the trial below, appellant did not rely on the statute as a defense, but presents the contention here for the first time. No Missouri cases are cited in brief, and we have found none, which discuss the manner in which this particular statute should be invoked as a defense in a case like the one at bar. However, we do find cases which discuss analogous statutes, and outlines the course which should be pursued in order to obtain the benefit of such statutes as a defense. For example, the statute relative to the assignment or surrender of leases reads as follows:

"No lease . . . , shall at any time hereafter be assigned . . . or surrendered unless it be by deed or note in writing, signed by the party so assigning . . . or surrendering same, or their agents lawfully authorized by writing."

In the case of Churchill v. Lammers, 60 Mo. App. 244, the petition was *in assumpsit* on the promise contained in a lease to pay plaintiffs in advance a monthly rent of $225. The defenses interposed by the answer were, first, a surrender by operation of law, and second, an estoppel *in pais*. A judgment for defendant was affirmed on appeal. Plaintiff contended that evidence of defendant tending to show a verbal agreement for a surrender and acceptance of the premises, was

improper, because within the prohibition of the statute. Of this contention, the court said:

"But by reference to the record it is found that the plaintiff did not plead the statute, nor object to the introduction of the evidence at the proper time, so that this objection is not available here."

In Miller v. Harper, 63 Mo. App. 293, 296, this court, speaking to a like question, said:

"But the difficulty with defendant's insistence now on the Statute of Frauds is that the evidence relating to these *verbal leases and assignments* was all admitted without objection from defendant, either while it was being introduced, or by motion to strike out, or otherwise. This we consider to be a waiver of that defense; it being an affirmative defense which may be waived. (Italics ours.)

The statute relative to assignment of leases provides that *no leases shall be assigned or surrendered, unless it be by deed or note in writing.* The negotiable instrument law relative to renunciation of the holder's right against a party to a negotiable instrument, says, *"A renunciation must be in writing, unless the instrument is delivered up to the person primarily liable thereon."* These statutes are analogous. One makes a positive declaration that the assignment or surrender of a lease *shall* be in writing, the other, that a renunciation of the holder's right against a party to a negotiable instrument *must* be in writing. If as held in the cases cited, in order to invoke the statute relative to the assignments or surrender of leases, as a defense, it is necessary to call the trial court's attention, in some proper manner, to the provisions of the statute, necessarily a party seeking the benefit of the negotiable instrument law here considered, must pursue the same course because the statutes are similar. The provisions of the negotiable instrument law here considered, is in effect, a Statute of Frauds although not so labeled in Revised Statutes 1919, and the steps necessary to be taken in order to invoke the Statute of Frauds as a defense to an alleged cause of action, should have been taken in this case in order to obtain the benefit of the statute.

The record shows that defendant did not plead the statute or object to the reception of evidence of appellant's oral promise to release respondent and did not request an instruction specifically calling the trial court's attention to the statute which he now seeks to rely upon.

Appellant's reply denied the contract set up in the answer. Where the contract is denied, there is no necessity to plead the statute. [Hamburg v. Hirsch, 212 S. W. 49; Smith v. Hainline, 253 S. W. 1049, 1052.] In this situation, it is, however, necessary, in order to obtain the benefit of the statute as a defense, to direct the trial court's attention to the statute either by objection to the introduction of evidence or by instructions. [Large v. Frick Co., 215 Mo. App. 232, 239; Smith v. Rozier, 121 Mo. App. 306, 317, 98 S. W. 791, 793;

Smith v. Hainline, 253 S. W. 1049; Widmer v. Moran Mfg. Co., 218 S. W. 351, 203 Mo. App. 293.] Appellant contends that he did, at the first opportunity, object to evidence of appellant's verbal promise to release respondent. The record on that subject is as follows:

"MR. ERWIN: Did you make a full settlement and did Louis Ott discharge you from full liability on that note? A. Yes, sir.

"MR. LOHMAN: I object to that for the reason that oral evidence of full settlement cannot contradict the terms of the note.

"THE COURT: Overruled, answer the question.

"To which ruling by the court the plaintiff, by his counsel, then and there objected at the time and still objects and excepts.

"THE WITNESS: Yes, sir."

This objection is not good for two reasons, (1) it was not made until after the witness answered; and (2) it was not made on the grounds of the statute.

Objections to testimony not made until after the question is answered, comes too late. If the rule were otherwise, counsel could wait until the answer is given, then if adverse, interpose an objection. [Roy v. Kansas City, 224 S. W. 132, 204 Mo. App. 332; Fletcher v. Kansas City Rys. Co., 221 S. W. 1070; Salmon v. St. Joseph Ry. Co., 197 S. W. 35, 271 Mo. 395.]

Where, the statute is sought to be invoked by objection to the introduction of evidence, such objection must be on the grounds of the statute. [Smith v. Rozier, 121 Mo. App. 306, 313; Smith v. Hainline, 253 S. W. 1049, 1052; Large v. Frick Co., 215 Mo. App. 232, 239.]

There is nothing in the reasons assigned for the objection made to indicate that appellant was relying on the statute. This statute provides that the holder may renounce his rights against a party to a negotiable instrument, and when evidence of a renunciation is offered, if the opposite party seeks to have such evidence excluded on the ground that it shows such renunciation is not in writing, as provided by statute, the objection to such evidence, to be effective, must be made on that ground.

Appellant contends that since the contract of release was denied in the pleadings, the burden was on respondent to produce legal evidence of a release, which in this case, would be a written release, and failing in this, appellant's instruction in the nature of a demurrer to defendant's evidence should have been sustained.

This instruction said nothing about the Negotiable Instrument Statute. In cases where the statute is not pleaded, and the court's attention has not been called thereto in some proper manner, a demurrer to the evidence which does not mention the statute does not. raise the issue. [Smith v. Hainline, 253 S. W. 1049, 1052; Widmer v. Mfg. Co., 203 Mo. App. 293, 302; Large v. Frick Co., 215 Mo. App. 232, 239.]

It is also contended that the peremptory instruction should have been given because the answer did not plead a written release and, therefore, stated no defense. This contention cannot be upheld. Where a pleading declares upon a contract that the law requires to be in writing, and the pleading does not disclose whether such contract is in writing or oral, the law will presume that it is in writing until the contrary is shown. [Railroad v. Wingerter, 124 Mo. App. 426, 430, 101 S. W. 1113.]

Appellant cites many cases holding that payment of a less amount than due on a negotiable instrument, or other liquidated demand, operates only as a discharge of the amount paid, and the holder may recover the balance due, notwithstanding he agreed to accept the amount paid as payment in full. This is trite law, but has no application to the facts in this case. Section 908 of the Negotiable Instrument Law, provides that the holder may renounce his rights against any party to the instrument before, at or after its maturity, if done in writing. It has been held that such renunciation may be made either with or without consideration. [Dickinson v. Vail, 199 Mo. App. 458, 203 S. W. 635; Phoenix Bank v. Hanlon, 183 Mo. App. 243, 166 S. W. 830.] While the statute requires such renunciation to be in writing, but, as above held, appellant did not try the case or that theory, and for that reason cannot insist on it here. He is bound by the theory adopted in the trial court. [In re Guardianship of McMenamy, 307 Mo. 99, l. c. 109; Piening v. Wells, 271 S. W. 62, l. c. 66; Hof v. Transit Company, 213 Mo. 445, l. c. 470; Briar v. Bank, 225 Mo. 673, l. c. 684.]

Complaint is made that the court erred in refusing appellant's requested Instruction No. 3, and in giving respondent's Instruction A. Instruction No. 3 directed a finding for appellant, in event the jury found there was no dispute as to the amount due on the note. This instruction ignores appellant's right to release respondent from further liability on the note either with or without consideration, and was therefore properly refused. Instruction A, in effect directs a verdict for respondent, in event the jury found that the verbal agreement of settlement and release as testified to by respondent, was made and thereafter fully performed. No error was committed in giving and refusing instructions.

We find no reversible error in the record, and therefore affirm the judgment. *Williams, C.,* concurs.

PER CURIAM:—The foregoing opinion by FRANK, C., is hereby adopted as the opinion of the court. All concur, except *Trimble, P. J.,* absent.