Otto H. SWYERS and Marion Young, Execu-
tors of the Estate of Lou Ella Blackburn,
Deceased, Plaintiffs-Respondents,

v.

Charles B. RUSSELL, Defendant-Appellant.

No. 32895.

St. Louis Court of Appeals.

Missouri.

March 19, 1968.

David K. Breed, St. Louis, for appellant.

Echeal T. Feinstein, St. Louis, for re-
spondents.

CLEMENS, Commissioner.

Plaintiff executors sued the defendant on a $2,000 promissory note he had given the decedent. The defendant admitted he had executed the note but pleaded it had been "paid, forgiven or compromised." When the defendant rested his case the court concluded that the defendant had not produced sufficient evidence to support his affirmative defenses and it directed a verdict and entered judgment for the plaintiffs. The defendant appeals, making numerous points but stressing this primary issue: Was a jury question raised by defendant's evidence that he paid the decedent-payee $3,000 by his check bearing a "full settlement" notation when that check was part of another transaction?

The decedent, Lou Ella Blackburn, was a widow late in her 80s, a long-time friend of defendant Charles B. Russell and a second cousin of his wife, Mildred Russell. This friendship finally faded, as friendships are apt to do when friends do business together. Over the years Mrs. Blackburn and the Russells had several business transactions, but only three of them are seen here. The first concerned a loan from Mrs. Blackburn to Mr. Russell when he bought the "Overland property." In the second transaction Mrs. Blackburn and the Russells pooled funds to buy the "Arsenal Street property." The third transaction concerned the dissolution of their joint arrangement in this Arsenal Street property.

At trial the plaintiff executors put in evidence of their testamentary authority and Mr. Russell's note, and then rested their case. The note was for $2,000, dated June 1, 1956, payable to Mrs. Blackburn four years after date; it bore no interest.

The plaintiffs invoked the dead man's statute to silence Mr. Russell. His evidence of the three transactions came from Mrs. Russell. On June 1, 1956, Mr. Russell borrowed $2,000 from Mrs. Blackburn, giving her his four-year promissory note. This is the note in suit; Mr. Russell bought property in Overland with the proceeds.

Two years later, in the spring of 1958, the Russells called on Mrs. Blackburn "to talk about money." Although the note was two years short of maturity and bore no interest, they told her they wanted to pay it. Over plaintiffs' objections that renunciation of a negotiable instrument must be in writing, Mrs. Russell testified that Mrs. Blackburn told them, "Forget it—it's a gift." But Mrs. Blackburn neither surrendered nor canceled the note. Mrs. Russell denied knowing of any payment on the note.

Next, on May 10, 1960, the Russells and Mrs. Blackburn pooled funds to buy a house on Arsenal Street, the Russells taking title. They signed an agreement, defendant's Exhibit L. It recited an $8,000 down payment; Mrs. Blackburn had paid $6,000 and the Russells $2,000. Mr. Russell promised to pay Mrs. Blackburn $2,000 to equalize their investments at $4,000 each. They agreed that monthly payments and expenses would be on "an equal 50:50 basis." The agreement recited that the Russells would live upstairs; that Mrs. Blackburn and her sister would live downstairs as long as they lived, and when both had died "the interest held by Mrs. Lou Ella Blackburn in the property would become null and void * * *." As promised, Mr. Russell did equalize the down payments: on June 17, 1960, he gave Mrs. Blackburn his $2,242.27 check marked "Payment of Loan on 4720 Arsenal."

The Russell-Blackburn arrangement on Arsenal Street did not last. Mrs. Blackburn and her sister soon moved out. On December 15, 1962, a settlement was reached. Mr. Russell gave Mrs. Blackburn his $3,000 check marked "Complete & Final Settlement." She then endorsed the Russells' copy of the original written agreement: "Notice: I, being of sound mind on this date, I hereby release this agreement, Dec. 15th, 1962. Signed Lou Ella Blackburn." Mrs. Russell testified this $3,000 was paid for Mrs. Blackburn's interest in the Arsenal Street property and for nothing else.

Under his pleading that his $2,000 note to Mrs. Blackburn was "forgiven," the defendant was faced with § 401.122, V.A.M.S. (now repealed by the Uniform Commercial Code but then in effect). The section stated: "A renunciation must be in writing, unless the instrument is delivered up to the person primarily liable thereon." Defendant's evidence disproved compliance with the statute but he now objects to its application, contending it is like a statute of frauds—unavailable to plaintiffs because they did not plead it. He cites Ott v. Stone, 225 Mo.App. 132, 29 S.W.2d 726, but that opinion does not support him. Here, renunciation was an affirmative defense and the defendant failed to prove it in the manner specified by the cited statute.

The defendant relies on the "full settlement" notation on his $3,000 check, arguing that it raised a jury issue of payment of his original $2,000 note. First, he says that when Mrs. Blackburn endorsed his $3,000 check bearing the "full settlement" clause she thereby renounced the $2,000 note *in writing*. This is patently groundless. The defendant gave his $3,000 check to Mrs. Blackburn at the same time she released the agreement concerning the Arsenal Street property. No one then mentioned the $2,000 note, and Mrs. Russell testified that the $3,000 check was given Mrs. Blackburn for releasing her interest in the Arsenal Street property. So, there was no evidence that the "full settlement" clause referred to the $2,000 note, and there was clear evidence that it did in fact refer to the Arsenal Street property.

The defendant also contends the $3,000 "full settlement" check was really an overpayment of the $2,000 note and was not given for Mrs. Blackburn's interest in the Arsenal Street property since she had no interest in that property. The fallacy of this appears in defendant's own brief where he speaks of Mrs. Blackburn's "equitable life estate in half of the Arsenal Street property." Instead of Russell's $3,000 check overpaying Mrs. Blackburn by $1,000, it is more logical that it underpaid her.

This is so because before she took Russell's check she had a $4,000 investment in the Arsenal property; thereafter she had only $3,000 and no interest in it.

In short, defendant's evidence was not only devoid of basis for inferring that the $2,000 note in suit had been "paid, forgiven or compromised," but to the contrary his evidence affirmatively showed it had not been. Since the defendant failed to prove his affirmative defenses that his $2,000 note had been "paid, forgiven or compromised," there was nothing to submit to the jury. The trial court properly directed a verdict for the plaintiffs.

The defendant challenges the sufficiency of plaintiffs' evidence. They proved their testamentary authority, introduced the $2,000 note, and then rested. In view of defendant's answer admitting execution of the note, that was sufficient to make a prima facie case. McGinnis v. Rolf, 239 Mo.App. 54, 189 S.W.2d 456[2]; Kugman v. Donnell, Mo.App., 271 S.W. 535; Shawhan v. Shawhan Distillery Co., 195 Mo.App. 445, 197 S.W. 369[1].

The defendant objects to the $800 interest allowed by the directed verdict. He now complains—without saying why—that the court "erred in allowing interest on a note providing no interest." Aside from the deficiency of the point (Rule 83.05(e), V.A.M.R.), it is without merit. The plaintiffs were entitled to six percent interest from the due date of the note. Furstenfeld v. Furstenfeld, 152 Mo.App. 726, 131 S.W. 359[2]; Sebree v. Rosen, Mo., 374 S.W.2d 132[20].

Additionally, the defendant complains of three trial errors. First—again without saying why—he charges the trial court erred by not letting him file a fourth amended answer on the day of trial. His original answer was a long narrative of his relationship and transactions with Mrs. Blackburn. It was loaded with argument and conclusions of law, and on plaintiffs' motion it was stricken. The defendant then

filed a first amended answer but withdrew it, and for his second amended answer he refiled the original answer that had been stricken. Still later he filed a third amended answer, in concise form, whereby he pleaded that the $2,000 note had been "paid, forgiven or compromised." Then at trial time he moved to withdraw that answer and refile his previously stricken second amended answer. The court denied the motion and the case went to trial on the short, third amended answer. We cannot say the trial court abused its discretion in denying the amendment (Rule 55.53, V.A. M.R.). It was still subject to the objections for which it had previously been stricken. And the ruling was harmless since every factual allegation pleaded (except those matters properly excluded by the dead man's statute) came into evidence under the defendant's trial answer that his note had been "paid, forgiven or compromised." We find no error in denying the amendment.

■ Next, the defendant claims error in applying the dead man's statute to bar his attempt to testify about the identity of two checks he had given Mrs. Blackburn and copies of his own bank statements that showed his checks were paid. Not only was each of these exhibits received in evidence, but the court further admitted evidence of Mrs. Blackburn's deposit slips showing that both of defendant's checks had been deposited in her bank account. Assuming prejudice—which we deny—we cannot accept defendant's contention that his identification testimony was admissible under the exception to § 491.010, V.A.M.S., which lets a survivor identify the handwriting in bookkeeping entries. No error here.

Last, the defendant charges the trial court was so harsh it caused his counsel to forget his plan of defense. To this the plaintiffs answer that the court's conduct was exemplary, and we find that it was.

The judgment is affirmed.

PER CURIAM:

The foregoing opinion of CLEMENS, C., is adopted as the opinion of this court. Accordingly, judgment is affirmed.

ANDERSON, P. J., WOLFE, J., and DOUGLAS W. GREENE, Special Judge, concur.