BENEFICIAL FINANCE COMPANY OF ST. CHARLES, INC., Plaintiff-Appellant,

v.

Lonnie KITSON and John Trower, Defendants-Respondents.

No. 35806.

Missouri Court of Appeals, St. Louis District, Division Two.

Nov. 25, 1975.

Bruere & Rollings, Henry Gerhardt, St. Charles, for plaintiff-appellant.

Jess L. Mueller, Troy, for defendants-respondents.

KELLY, Judge.

Beneficial Finance Company of St. Charles, Inc., plaintiff-appellant (hereinafter the plaintiff) appeals from a judgment of the Circuit Court of Lincoln County in a suit on a promissory note wherein the trial court at the close of plaintiff's evidence sustained the motion of defendant-respondent, John Trower (hereinafter the defendant) for a directed verdict on the grounds that the note sued on was usurious and therefore unenforceable and entered judgment for the defendant. We reverse and remand.

The litigation commenced in the Magistrate Court of Lincoln County where the plaintiff brought suit on a promissory note executed by the defendant as an accommodation co-signer for one Lonnie Kitson whereby the plaintiff loaned to the said Lonnie Kitson the sum of $1,566.57 for the purchase of an automobile. The note, on one of plaintiff's forms, was executed on May 1, 1968 for a principal sum in the amount of $1,566.57 and interest in the amount of $449.43, or a total of $2,016.00, payable in 60 equal installments of $56.00 per month, commencing on June 1, 1968 with the final payment being due on May 1, 1971. The note was secured by two co-signers, the defendant and one Edna Carol Trower,[1] a security agreement on the automobile and some household contents. Life insurance and insurance on the car and household contents securing the loan was

also purchased. Plaintiff sought judgment against the defendants, Kitson and John Trower, in the sum of $392.51 plus interest and costs. Service was never obtained on Kitson and he never entered his appearance. In the Magistrate Court defendant filed no Answer to plaintiff's petition but did file a counterclaim seeking to recover $89.77 allegedly paid on the note in excess of the amount stated thereon. Judgment was entered in behalf of the plaintiff in the Magistrate Court following trial to the magistrate without a jury and the cause was appealed to the Circuit Court by defendant Trower.

After the transcript of the proceedings in the magistrate court was filed in the circuit court, defendant filed his Answer to the plaintiff's petition admitting that he had executed the promissory note sued on and that the note provided that default in the payment of any installment when due rendered the entire balance due and payable; he denied all of the other allegations in plaintiff's petition. He also was permitted to reduce the prayer of his counterclaim to $56.61, and subsequent to the filing of his Answer to amend same by adding a new paragraph alleging by way of affirmative defense that plaintiff charged usurious interest and failed to comply with the "Federal Truth and (sic) Lending Act."[2]

In the Circuit Court, on trial de novo, the cause was tried to the court without a jury. Plaintiff presented a single witness, Melvin William Bennett, who was, on the day of trial, July 24, 1973, its collection manager, but who had not been in plaintiff's employ at the time the promissory note sued on was executed, and therefore had no knowledge of the circumstances of the loan transaction other than what he had gleaned from the records of the company. He identified the promissory note offered by plaintiff as an original copy of the note signed by the defendant and the other parties to the

---

1. Edna Carol Trower was not named as a party to plaintiff's petition.

2. This allegation of failure to comply with the federal act was abandoned and is not before us on appeal.

transaction and stated that it was kept in the file of the company in the regular course of the company's business. He also identified a ledger card from plaintiff's files as the record of payments made on the note and kept and maintained in the regular course of the plaintiff's lending business and further testified that it correctly reflected the condition of the loan. According to the ledger card the "current unpaid balance" due and owing on the note was $392.51, and despite the fact that he had made numerous demands upon both Mr. Kitson and the defendant to pay the balance due and owing on the note, the account remained unpaid. According to Mr. Bennett the plaintiff exercised its option under the terms of the note and accelerated the note on July 17, 1970, credited it with the refund due defendant because of plaintiff's exercise of the option to accelerate, and the amount of interest computed from the date of acceleration—July 17, 1970—to the date of trial—July 24, 1973—amounted to $415.80.

Cross-examination of Mr. Bennett revealed that while he had a grasp of repayment procedures in general, he exhibited a lack of knowledge of the inner-workings of the Missouri Small Loan Act. He also did not display knowledge of the effect of partial repayment on the interest rate allowed by the Small Loan Act and the concept of acceleration. He did testify, however, under cross-examination, that the first two payments on the note were paid prior to their due date and that on July 25, 1968, an insurance company payment of insurance proceeds to the plaintiff in the amount of $995.00 was credited to the loan account and at that time the ledger card showed that an entry was made thereon reducing the unpaid balance as of that date of $909.00. He was unable to testify whether this payment resulted in any reduction in the rate of interest charged on the loan. The rate of interest charged for the loan at the time of its execution was 2.218% per month on the first $500.00 and 8% per annum on the excess. The total amount of the interest charged on the loan was $449.43. This figure was arrived at by the use of a chart, first arriving at the amount of the money to be loaned, the number of months over which the loan was to be repaid, and the rates of interest to be charged on the unpaid balances. Despite the fact this chart was referred to on a number of occasions in the transcript and was on counsel table, it was never introduced into evidence by either party to this litigation and we are not the beneficiary of its contents. On the date plaintiff exercised its option to accelerate the loan there was still $607.00 due and owing and a refund of $37.12 was credited to the account as unearned interest between May 1, 1968—the date the loan was made—and July 17, 1970—the date the plaintiff chose to exercise its option to accelerate the loan. With acceleration the note became an interest bearing note at a rate of 2.218% per month on $500.00 of the balance and 8% per annum on the $107.00 balance in excess thereof. The refund figure of $37.12 was figured "on the rule of seventy-eight." By time of trial the plaintiff had received a total of $1603.49 on the note.

Mr. Bennett was further subjected to redirect and re-cross examination by the attorneys for the respective parties and the trial court then undertook the interrogation of the witness with respect to what the refund would have been had the note been accelerated on July 19, 1968, when the insurance payment was originally credited to the account as evidenced by some entries on the ledger card which had been lined out. Mr. Bennett testified in response to the trial court's questions that this had been done and the refund as of that date would have amounted to $239.55, but that that entry on the ledger card had been stricken because it was an error occasioned by whomever made the entry assuming that the $995.00 insurance payment was a payment in full whereas it was in fact only a partial payment. The witness was then asked by the trial court to compute the interest which would be due if he were to assume

that the note was accelerated as of the date plaintiff received the insurance payment. The witness was further directed to credit the $293.55 unearned interest refund previously credited to the account on July 19, 1968, and to give credit for any payments made on the account after the date of the payment of the insurance proceeds. Following the trial court's directions, Mr. Bennett testified that his computations showed that the principal due on the note was $369.62 and the interest, from April 10, 1972, the date of the last payment on the account, to July 24, 1973, the trial date, was $134.55, a total of $504.17.

At this point the plaintiff rested its case and the defendant orally moved "for a directed verdict and for judgment in accordance with its prayer in the counter-claim for the reason that plaintiff has failed to make a submissible case and I believe that usury is the defense of this particular case and was adequately brought out by the testimony of the plaintiff in this particular instance." When plaintiff's counsel declined the trial court's invitation to reply by stating that he felt he had made a submissible case, the trial court made the following ruling:

"Gentlemen, the Court has done some computing on its own in this matter and the Court is taking into consideration Section 408.100 with specific reference there to sub paragraph 2 to the effect that the interest rate shall not exceed 2.218 per month on the unpaid principal balances, together with 408.130, 408.150 and 408.170, particularly Paragraph 2 with reference to no refund shall be required for any partial prepayment, and the Court is also, of course, not limiting itself to those sections but to all sections of what is commonly referred to as the Small Loans Act and the particular note in question in this case which provides that payment in advance may be made hereon in any amount at any time. After taking all those matters into consideration and the exhibits admitted in evidence and the charges made by the plaintiff in this case does find that those amounts charged were in excess of the amount set forth in the statute as the maximum amount of interest allowable and therefore find the note unenforceable on the plaintiff's claim on the note. I am—there is no evidence before the Court at this time on the counter-claim and therefore your motion is denied as far as judgment on the counter-claim is concerned."

Although asked if there was any further evidence at that time the defendant's counsel replied no and the trial court then entered judgment in favor of the plaintiff and against the defendant on his counter-claim. No appeal was taken by the defendant from this judgment on the counter-claim.

Plaintiff filed a Motion to Set Aside Judgment or in the Alternative for a New Trial and after ninety days passed without any ruling on this motion, on November 6, 1971, plaintiff filed its notice of appeal from the judgment aforesaid.

Plaintiff, on appeal, presents two points for review. In fact, however, they consist of one point with sub-points and essentially contend that the trial court erred in sustaining Defendant's Motion for a Directed Verdict or Judgment on the issue of usurious interest for the reason there was no substantial evidence to support a finding to this effect. As sub-points, plaintiff contends that the trial court erred in finding that the amounts of interest charged were in excess of that allowed by statute; that the interest was agreed upon in the note or contract; and that no refund was required for the partial prepayment.

Respondent argues that the interest charged was in excess of that permitted under the Small Loan Act because when payments in excess of $500.00 on the principal of the note had been once made, plaintiff was no longer permitted to charge the 2.218% per month interest rate authorized

by § 408.100 RSMo 1959.[3] In the alternative, should this argument be without merit, defendant argues, then plaintiff was not entitled to charge interest at any rate in excess of 6% per annum on the unpaid principal balance in excess of $500.00, § 408.020, because no other rate of interest was ever agreed upon by the parties to the note, and since it admittedly charged interest at the rate of 8% per annum on the unpaid principal balance in excess of $500.00, the note was usurious. The third argument made by defendant in support of the trial court judgment is that by reason of the first two payments made on the loan in May and July, each in an amount of $56.00, added to the $995.00 insurance proceeds payment of July 25, 1968, constituted a reduction of unpaid principal in the total sum of $1,107.00 in a period of less than three months so as of that date there remained only $459.00 unpaid principal balance due; that plaintiff's attempt to charge the sum of $449.43 interest and acceleration payments on the use of $1,107.00 for three months and on the balance of $459.00 for the remainder of the loan period constituted usury.

On an appeal from a judgment in a court-tried case, an appellate court reviews the case upon the law and the evidence and reaches its own findings of fact from a consideration of all the evidence in the case, giving due regard to the opportunity of the trial court to judge the credibility of the witnesses. The judgment of the trial court is not to be set aside unless clearly erroneous. Rule 73.01(d). Neither party to this appeal requested that the trial court file a brief opinion containing a statement of the grounds for the trial court's decision, Rule 73.01(b), nor are we privy to the computations employed by the trial court in arriving at its conclusion that plaintiff was barred from recovery because

the note sued on was usurious. Both plaintiff and defendant in their briefs explain in detail their theories of the case, in some instances at least, reaching de hors the record in the trial court, and when they do we may not consider those matters in disposing of this appeal except for the purpose of demonstrating the paucity of the record upon which we must decide this appeal.

Usury has been defined as the exacting, taking or receiving of a greater rate of interest than is allowed by law for the use or loan of money. For a transaction of this kind to be usurious there must be a loan at more than the legal rate of interest, or the exaction of a greater rate of interest than the legal rate for the forbearance of a debt or sum of money due. The requisite elements of usury are: (1) an unlawful intent, (2) money or its equivalent, (3) a loan or forbearance, (4) the sum loaned must be absolutely, not contingently, payable, and (5) there must be an exaction for the use of the loan or something in excess of what is allowed by law. Usury is not to be presumed; it must be proved and the burden is on the one asserting it. *Lucas v. Beco Homes, Inc.*, 494 S.W.2d 417, 422[2] (Mo.App.1973).

In a suit on a promissory note plaintiff makes a prima facie case when the note admittedly signed by the makers is introduced into evidence and there is evidence to show that the note is unpaid or there is a balance due and owing. § 400.3–307(2) RSMo 1965, provides that when signatures are admitted or established, production of the instrument entitles a holder to recover on it unless the defendant establishes a defense. The Uniform Commercial Code Comment, 20A V.A.M.S. p. 602 with respect to this section of the Code states: "Once signatures are proved or admitted, a holder makes out his case by mere produc-

**3.** All statutory references are to RSMo 1959 unless otherwise specified.

When reference is made to §§ 408.100 & 408.200 they are to RSMo 1959, as amended Laws 1959, H.B.No.320, § 1.

When reference is made to § 408.130 it is to RSMo 1959 as amended Laws 1965, p. 114, § 1.
When reference is made to § 408.175, it is to RSMo 1959 as added Laws 1959, H.B.No. 321.

tion of the instrument, and is entitled to recover in the absence of any further evidence. The defendant has the burden of establishing any and all defenses, not only in the first instance but by a preponderance of the total evidence. The provision applies only to a holder, as defined in this Act (Section 1–201)." On appeal, in testing the sufficiency of the evidence to meet the plaintiff's burden of proof, the Court of Appeals must view the evidence in a light most favorable to plaintiff and indulge in every inference which men of average intelligence and fairness might draw from the proven facts. *James v. Turilli*, 473 S.W.2d 757, 762[10] (Mo.App.1971). Examined in the light of the foregoing principles we conclude that the court's action in sustaining defendant's motion for a directed verdict at the close of the plaintiff's evidence and entering judgment thereon was prejudicial error and requires that this cause be reversed and remanded.

We consider plaintiff's contentions in inverse order; first, that no refund was required for the partial prepayment of the proceeds of the insurance in July, 1968.[4] The note itself authorizes payment in advance in any amount at any time and specifies that if the note is "prepaid *in full*" by cash, renewal or refinancing before the final due date, or the extended final due date, if any, the borrower shall receive a refund of a portion of the amount of interest applicable to the full installment periods following the date of such *prepayment in full*, as prescribed by § 408.170. Plaintiff relies on that part of § 408.170 which specifically provides that in the case of a note or loan contract which provides for an amount of interest added to the principal of the loan payable in installments no refund shall be required for any partial prepayment. "Refund," as that term is used in § 408.170

means "a credit or deduction from the amount of interest originally contracted for." By its terms the statute supports plaintiff's contention and where the prepayment was partial only a note which was not usurious before prepayment is not thereby rendered usurious if no refund is given therefor. *Reich v. Pine Lawn Bank & Trust Co.*, 356 S.W.2d 545, 549[4] (Mo.App. 1962). Anno. 75 A.L.R.2d 1265 (1961). We hold, therefore, that if this was the basis for the trial court's finding that the plaintiff was guilty of usury, there is no substantial evidence to support its findings on that ground and its action in sustaining defendant's motion for a directed verdict at the close of the plaintiff's evidence was clearly erroneous.

Plaintiff next contends defendant's argument that by charging defendant interest at the rate of 8% on the unpaid balance of principal in excess of the first $500.00 of the loan was usurious because not agreed to in writing as required by § 408.030 and plaintiff was thereby restricted to a charge of interest at a rate of 6% per annum by § 408.020, is without merit. Plaintiff argues that it is plain on the face of the note that the rate of interest had been agreed upon by the parties because the total amount of the interest is calculated and stated thereon and is not in excess of that which it may lawfully charge. Defendant, on the other hand, takes the position that since no rate of interest is specified in the note, no rate was ever agreed upon and when no rate of interest is agreed upon plaintiff is limited to that rate of interest permitted by § 408.020.

In disposing of this problem, both parties concede that this loan was made under the provisions of the Small Loan Act. Under the Act a lender is authorized to

---

4. The record is not clear when this payment of insurance proceeds was actually received by the plaintiff. The ledger card shows a payment of $56.00 on July 19, 1968. Following this entry are three entries bearing the same date in amounts of $293.55, $39.50 and $12.35, respectively reducing the unpaid balance from $1,904.00 to $1,558.60. A line is struck through all of these, and an entry of July 25, 1969, gives a credit for $995.00, reducing the unpaid balance to $909.00. Defendant, in his brief contends the July 1st payment was made June 19, 1968, but offered no evidence to support this claim.

charge a borrower interest which shall not exceed 2.218% per month on the unpaid principal balance on a loan of $500.00 or less by § 408.100. § 408.200 provides that no lender shall, however, permit any borrower to be indebted to it on two or more contracts at any time for the purpose of or with the result of contracting for or receiving the interest permitted by § 408.100 on more than $500.00 of principal (excluding interest). It may, nevertheless, lend at the same or different times to the same borrower $500.00 or less under and at the rates permitted by § 408.100 and additional amounts at not more than 8% per annum even though such additional amounts bring the aggregate amount outstanding to an amount in excess of $500.00 and whether such loan or loans are evidenced by one or more than one note or loan contract. When the aggregate principal amount outstanding exceeds $500.00 and is evidenced by one note or loan contract, it must be treated as one loan and interest may be computed at the rates permitted by § 408.100 on that part of the unpaid principal balance of the total indebtedness not exceeding $500.00 and at no more than 8% per annum on any remainder of such unpaid principal balance. Loans made in accordance with this Section of the statutes are subject to the provisions of §§ 408.120, 408.130, 408.160 and 408.180. § 408.120 specifies how the interest on a loan shall be computed and paid where the interest is added on to the principal and for repayment of the loan in equal monthly installments. § 408.130 requires that the borrower receive a statement of the contract or a copy of the loan contract at the time the loan is made showing, "in clear and distinct terms" a number of items. Two of these items are:

"(5) The principal amount of the loan excluding interest;

(6) The *rate or amount* of interest as the contract may provide." (Emphasis supplied).

The two other Sections of the statutes cited, §§ 408.160 and 408.180, are not germane to the issues or our holding in this case. No issue is framed about the question whether this defendant was furnished with the copy of the loan contract required by the statute containing the information required by § 408.130; the thrust of his complaint is that the rate of interest at 8% did not appear, as such, on the loan contract or note. Although the note might have stated the amount of interest charged on the principal amount loaned in percentage figures, as we read the statute we find no requirement that it do so. The legislature apparently intended that the loan contract need not when it enacted § 408.130 and provided instead for delivery to the makers of a copy of the loan contract showing *the amount* of the interest charged. Defendant executed the loan contract or note with the information contained thereon that the principal amount of the loan was $1,556.57 and the amount of interest was $449.43. Plaintiff complied with § 408.130 in setting out in the loan contract the information required and defendant cannot now be heard to complain. The rates of interest charged on the loan at the time it was entered into were not in excess of those allowed by §§ 408.100 and 408.200 where one note evidences the aggregate principal amount of the loan outstanding at the time it was executed. We hold therefore that if the trial court, in arriving at its finding that this note was unenforceable because usurious on these grounds, did so on the basis that the interest rate was not expressed in percentages on the face of the note, it was in error and the judgment entered was clearly erroneous and must be reversed and remanded.

■ Plaintiff's third and final contention that there was no substantial evidence to support the trial court's findings that the note was unenforceable because it was usurious hinges on whether there is substantial evidence in the record proving that the interest charged was in excess of the amount permitted by the Small Loan Act. At trial plaintiff made no effort to demonstrate the amortization schedule for this loan and for the first time sets forth what

it contends is an amortization schedule in its brief. Defendant too, although he did not present any evidence in this respect at trial, has favored us in his brief with what he denominates a "total payment schedule" based upon an interest rate of 6% per annum on the unpaid principal balances in excess of the initial $500.00 of the loan, and takes advantage of the refund of interest which would be appropriate had the loan been repaid in full by cash, renewal or refinancing in July, 1968. Amortization of a loan of this type is an involved mathematical computation based upon schedules and tables prepared by mathematical calculations which were not presented to the trial court by either party. Defendant had the burden on the defense of usury and utterly failed to carry it. From the ledger card of plaintiff it is apparent that the note was in default when the plaintiff exercised its option to accelerate the maturity date of the note in accordance with the terms of the note and credited the account with a refund computed under the Rule of the 78ths method provided for by § 408.170. There is no evidence in this record to the contrary. Plaintiff's evidence is that the note was thereafter converted into an interest bearing note at the rate of 2.218% per month on the unpaid principal balance of $500.00 and 8% per annum on the remaining unpaid balance in excess of $500.00. The note itself provides that in case of default in the payment of a single installment and if the note is accelerated, after a refund of the unearned interest which would be required for prepayment in full as of the date of acceleration, the interest shall thereafter be computed at the maximum rates permitted on the outstanding unpaid principal balances from the installment date due following the date of acceleration until the note is paid in full. This provision in the note is consistent with the provisions of § 408.175. We hold therefore that there is no substantial evidence to support the action of the trial court in entering judgment for the defendant on the grounds that this note was usurious and therefore unenforceable.

The action of the trial court sustaining defendant's motion for a directed verdict at the close of plaintiff's case and entering judgment thereon for the reason that the note sued on was usurious is reversed and the cause is remanded to the trial court for further proceedings not inconsistent with this opinion.

SMITH, C. J., and STEWART, J., concur.