UNION SAVINGS BANK, Respondent,

v.

M. Craig CASSING, Appellant,

and

Charles W. Meyer, Defendant.

No. WD 36282.

Missouri Court of Appeals,
Western District.

May 21, 1985.

Jonathan D. Cope, Sedalia, for appellant.

Max E. Mitchell, Brown and Buckley, Sedalia, for respondent.

Robert Wesner, Sedalia, for defendant Meyer.

Before NUGENT, P.J., and PRITCH-ARD and CLARK, JJ.

CLARK, Judge.

This suit was brought by Union Savings Bank to recover principal, interest and attorney fees claimed to be due from one Charles W. Meyer and appellant, M. Craig Cassing, the makers of a negotiable promissory note. The trial court entered judgment for the bank against both defendants. Only Cassing has appealed.

The sole point of error advanced by Cassing is that the judgment fails for want of substantial evidence to support it in that the note in question was not offered by plaintiff bank or received in evidence and is not a part of the record in the case. The point is valid and requires that the judgment be reversed. The deficiency in proof, however, would seem to be remediable warranting remand to provide that opportunity to respondent. Rule 84.14.

The petition in the case alleged that the defendants had executed a note delivered to plaintiff in the amount of $8003.00 with interest at 9% due May 12, 1977. It was also alleged that the payment date had been extended from time to time and that defendants had failed to make payment. The extended due date and the basis for computation of interest were not stated. A purported copy of the note in question was attached to the petition as an exhibit.

Appellant Cassing answered by a general denial. Meyer denied the petition allegations and also asserted that the note lacked consideration. Both defendants appeared and contested the case at trial before the court sitting without a jury.

The only evidence presented in the case was the testimony of one Glidewell, an assistant vice-president of the bank. In the course of questioning Glidewell, respondent's attorney handed him a document which had been marked Plaintiff's Exhibit A and asked him "to tell us, if you can, what that is?" Glidewell responded by saying the exhibit was a note given to the bank by Meyer and Cassing. The witness was not asked about the extended due date of the note, whether the note had been presented to defendants with demand for payment or even whether the exhibit was the note on which the suit had been brought. Plaintiff's Exhibit A was never offered in evidence and its content, beyond what Glidewell said in response to direct examination, is a matter of speculation and conjecture.

To discuss appellant's contention that respondent made no case without introducing in evidence the note on which the suit was based, it is first necessary to identify the cause of action.

It is basic law that as between the original parties to a promissory note, the payee may either sue the maker on the note or, he may waive the cause of action on the note and sue in indebitatus assumpsit on the original consideration. *Reifeiss v. Barnes,* 192 S.W.2d 427, 430 (Mo.App. 1946). In the case of suit on the note, presentment of the note or satisfactory proof that it has been lost or destroyed are essential elements of the case because the instrument itself is the exclusive ground for the cause of action. Absent presentment of the note or allegation and proof that the note is lost or destroyed essential proof is lacking to sustain a judgment based on the instrument. The same may not be said where the cause of action is brought on the debt. In that circumstance, the instrument is only one of several means

to prove the agreement, the consideration and the obligation.

■ The present suit was plainly an action on the note and not a suit on the debt. There was no petition allegation or any proof of consideration given to the alleged debtors, no proof of a payment due date and no attempt to prove any agreement among the parties, aside from the note, upon which any obligation to respondent had arisen. It was therefore essential to the bank's case that the note be presented. The question posed by Cassing's appeal is whether the payee who sues on a negotiable instrument can make a case by testimony about the note without introducing the note in evidence.

No Missouri case has directly considered the point, but in those cases which discuss proof required in suit on notes, the inference is that the note must be introduced in evidence. In *Beneficial Finance Co. of St. Charles v. Kitson*, 530 S.W.2d 497 (Mo. App.1975), the court refers to § 400.3–307(2), RSMo. 1965 (now RSMo. 1978), which provides that when signatures are established, production of the instrument entitles a holder to recover on it unless the defendant establishes a defense. The court also states, "In a suit on a promissory note plaintiff makes a prima facie case when the note admittedly signed by the makers is introduced into evidence and there is evidence to show that the note is unpaid or there is a balance due and owing." *Id.* at 502. To like effect is the comment in *Swyers v. Russell*, 426 S.W.2d 743 (Mo. App.1968) at 745 where it is said that an admission of execution of the note together with introduction of the note in evidence was sufficient to make a prima facie case. Indeed, the parties have not cited and independent research has not located any case in which judgment in a suit on a note was procured without introduction of the note sued on in evidence or proof that the note could not be produced.

■ The general rule, appearing in treatises on the subject, is that there can be no recovery on a note which is not introduced in evidence if its absence is not explained as a foundation for proof of its contents. Where a note sued on is in the possession of the plaintiff, he must produce it because it is the best evidence. 12 Am. Jur.2d *Bills and Notes*, § 1299 (1964), 11 C.J.S. *Bills and Notes* § 695b (1938). The discussion in *Annot.*, 129 A.L.R. 977 (1940) points out that one of the reasons for requiring production of the instrument where suit is on a negotiable note is to protect the defendant from double liability. A failure to produce the note leaves open the possibility that it may have been transferred and that the maker may later be subject to a payment demand by a third party.

■ Finally, the Uniform Commercial Code, § 400.3–307(2), RSMo. 1978, provides that when the signatures to an instrument are admitted or established, the holder of the instrument is entitled to recover when he produces it. By analogy, it follows that if one claiming to hold a note does not produce it, he does not have the benefit of evidentiary presumptions otherwise available under the code.

The deficiency in respondent's case, the failure in this record to establish production by respondent of the note on which the suit was based, is a technical but critical oversight, and probably no more. Unfortunately, however, respondent has sought no opportunity to supplement the record on appeal by producing "Plaintiff's Exhibit A", but instead has continued to insist in its brief either that there was no necessity to introduce the note in evidence or, that the note was somehow in the case by inference. Appellant's point on appeal cannot be answered by speculation as to the content of the exhibit, however likely that possibility may be.

■ The only means to remedy the defect is to afford respondent the opportunity to present the note to the trial court and have the note received in evidence. This alternative is available even though a plaintiff has not made a submissible case. *Hood v. M.F.A. Mutual Ins. Co.*, 379 S.W.2d 806, 812–813 (Mo.App.1964). In fact, where a plaintiff has by mistake or

**516**

inadvertence failed to prove up a claim in a situation where the proof seems to have been available, we have no alternative but to reverse the judgment and remand the case for the reception of additional evidence. *Stewart v. Brown,* 546 S.W.2d 204, 207 (Mo.App.1977).

The judgment is reversed as to defendant M. Craig Cassing and the case is remanded for further proceedings.

All concur.