**In re Eric James SNYDER, Debtor.**

**Eric James Snyder, Movant.**

**No. 99–51231–293.**

United States Bankruptcy Court,
E.D. Missouri,
Eastern Division.

May 31, 2002.

David P. Weiss, Weiss & Associates, P.C., St. Louis, MO, for James Henderson.

David Lumerman, St. Louis, MO, for Jane D. Snyder.

John V. LaBarge, Jr., St. Louis, MO, Chapter 13 Trustee.

### MEMORANDUM OPINION

DAVID P. MCDONALD, Chief Judge.

This matter is before the Court on Debtor Eric James Snyder's Motion to Vacate; to Correct; for New Trial (Trial); to Alter or Amend; to Set Aside Orders of February 28, 2002 (Dissolution Opinion and Its Order; and the Confirmation Opinion and Its Order); Affidavit of Debtor; & Request for Change of Judge & Venue. Snyder's motion was filed in response to the Court's orders dismissing his bankruptcy petition and denying his motion to set aside state court dissolution proceedings. Based upon a review of the record the Court will deny Snyder's motion in its entirety.

Snyder's motion concerns two orders issued by the Court on February 28, 2002. The first order dismissed Snyder's Chapter 13 petition. The second order denied Snyder's motion to vacate a state court dissolution proceeding. Snyder claims that the proceeding was held in violation of the automatic stay. The Court will briefly address Snyder's current motion. The Court will not restate the reasoning contained in its previous orders. Those orders clearly set forth the facts which led to the Court's decisions.

At the outset, the Court notes that at the time Snyder filed his own bankruptcy

petitions he was a licensed attorney who had appeared frequently before the bankruptcy bar. In filing petitions for his own bankruptcy, however, the Court finds that Snyder attempted to reap the benefits of bankruptcy without complying with the requirements of the system.

### Violation of the Automatic Stay

■ The majority of Snyder's current motion involves his claim that his wife violated the automatic stay in his case by attending a dissolution proceeding on October 19, 1999. Snyder claims that an automatic stay was in place because he had filed a bankruptcy petition under Chapter 13 on July 6, 1999. Snyder's claim is without merit.

On July 6, 1999, Snyder and his wife, Jane Snyder, were scheduled to attend divorce a proceeding in the Circuit Court of St. Louis County Missouri. Snyder admits in his current verified motion that he filed for bankruptcy on July 6, 1999, in order to stop the dissolution proceeding. (Debtor's Verified Mot. To Vacate ¶ 47)

When he filed his petition on July 6, 1999, he tendered a check drawn from Eric J. Snyder, P.C., Snyder's legal practice account. The Bankruptcy Clerk's Office file stamped a case number on Snyder's petition and took his check. Snyder left the Court with a copy of his filed petition which reflected the assigned case number. Snyder states that he left the Bankruptcy Court and took his copy of the petition directly to the Circuit Court and successfully stopped the dissolution proceeding. (Debtor's Verified Mot. To Vacate ¶ 13)

After Snyder left the Court, the Clerk's Office determined that Snyder's check was drawn from a personal account and was not an acceptable form of payment.[1] Snyder's petition was not processed. The case number was reassigned to another case. Snyder's petition and check were returned to him by mail and he was informed that his method of payment of the filing fees was not acceptable. The Clerk's Office later concluded that instead of returning the petition to Snyder, a better procedure would have been to process the petition in the Court's system and issue a deficiency notice to Snyder informing him that he needed to make a valid payment of his filing fees within five days or else his case would be dismissed.

Snyder admits that his petition and check were returned to him in an envelope postmarked on July 7, 1999. (Debtor's Verified Mot. To Vacate ¶ 7) After receiving the return of his petition and check, Snyder admits that he did not take any action until he filed a new and second petition on October 19, 1999. (Debtor's Verified Mot. To Vacate ¶ 50) Snyder claims that although his petition and check were returned to him without being processed by the Court, the petition was deemed filed and he received the benefit of the automatic stay for three months until he filed his second, "safety net" petition on October 19, 1999. He claims that the dissolution proceeding held on October 19, 1999, was in violation of the automatic stay which arose from his July 6, 1999 filing.

Snyder's claim is disingenuous and his actions belie his claim. Snyder used the file stamped copy of his petition to stop the dissolution proceeding on July 6, 1999. Yet when he received his notification that his filing was defective, he did nothing. A return of a petition and the tendered method of payment of the filing fee check is the ultimate form of a deficiency notice. Snyder, a bankruptcy practitioner, should have appreciated the obvious consequences

---

1. It turns out that this assessment was correct as is discussed in the Court's order of February 28, 2002, which denied Snyder's motion to vacate the dissolution proceeding.

of having his petition returned by the Court, that is, his petition was not effectively filed and he needed to act to correct the situation.

Instead, Snyder chose to do nothing. He had succeeded in stopping the divorce proceeding so he had achieved the goal of his filing for bankruptcy protection. Yet he continues to assert that his petition of July 6, 1999, was properly filed and that the automatic stay was in place on October 19, 1999, when the rescheduled dissolution proceeding was heard.

Snyder's position is untenable. No one, particularly a bankruptcy attorney, could believe that his case was still alive and well when the petition and payment were returned by the Court. Snyder, an attorney well versed on the bankruptcy process, never questioned why his petition had been returned. Nor did he attempt to contact the Court to inquire why he did not receive a notice of the commencement of the case from the Clerk's Office or a notice scheduling a section 341 meeting of creditors. The return of his petition and payment combined with his failure to receive the normal bankruptcy notices issued in a case clearly put Snyder on notice that his July 6, 1999, petition was not effectively filed. It became a non-existent case. To effect his filing, Snyder needed to contact the Court and correct his filing. Instead, he chose to do nothing.

It is undisputed that the Court records from July 6, 1999, through October 19, 1999, did not reflect any petition filed by Snyder on July 6, 1999. The Court concludes that when Jane Snyder attended the dissolution hearing on October 19, 1999, the automatic stay was not violated because there was no automatic stay was in place. She, her attorney, and the State Court Judge all acted in good faith.

On October 19, 1999, Jane Snyder attended the rescheduled dissolution proceeding. Snyder had notice of that hearing. On the same day, at 3:42 p.m., in a renewed effort to derail the proceeding, Snyder filed a second "safety net" petition by placing it in the Court's dropbox.[2] Snyder claims that he was unaware that the dissolution proceeding took place that day. (Debtor's Verified Mot. To Vacate ¶ 25) Yet, Snyder also claims that the reason he filed his second petition on October 19, 1999, was because on the morning of that date his wife "opened the basement door and said that she was leaving" to attend the proceeding. (Debtor's Verified Mot. To Vacate ¶ 51) He intended to file the second petition that morning to stop the dissolution proceeding but computer problems prevented him from filing until late afternoon. (Debtor's Verified Mot. To Vacate ¶ 52)

In her response to Snyder's motion to set aside the dissolution proceeding, Jane Snyder stated that the dissolution proceeding was completed before Snyder filed his second petition at 3:42 p.m. Jane Snyder appeared at Snyder's Chapter 13 confirmation hearing on August 24, 2000, and again informed the Court that the dissolution proceeding was completed before 3:42 p.m. on October 19, 1999.

Snyder's motion repeatedly asserts that the dissolution proceeding on October 19, 1999, was held in violation of the automatic

---

**2.** This second petition was processed the next day and was recorded as "filed" on October 20, 1999. On January 27, 2000, Snyder moved the Court to have the "filed" date of the petition changed to October 19, 1999, the day he put it in the drop-box. The Court granted that motion on February 9, 2000.

Accordingly, the automatic stay became effective at 3:42 p.m. on October 19, 1999. Although the Court previously concluded that the petition was filed on October 20, 1999, a review of the file revealed the Court's order granting the file date to be amended to October 19, 1999.

stay invoked on July 6, 1999. The Court has found that such a stay did not exist. In his previous motion to set aside the dissolution proceeding and in the present motion, Snyder does not deny that the dissolution proceeding was finished before he filed his "safety net" petition at 3:42 p.m. on October 19, 1999. He does not allege that he has any evidence to show that the proceeding on October 19, 1999, was not completed before 3:42 p.m. Nor does he assert that the automatic stay which arose upon the filing of his petition at 3:42 p.m. on October 19, 1999, was violated by the dissolution proceeding which was held on that date.

### Dismissal of Snyder's petition

Snyder asserts that his case was dismissed "because of the failure to confirm the plan." (Debtor's Verified Mot. To Vacate ¶ 59) Although the Court found Snyder's Third Amended Plan could not be confirmed, this was not the basis of the Court's dismissal of Snyder's petition. The Court dismissed Snyder's petition because he consistently failed to comply with the Court's orders. In addition, he repeatedly misrepresented the status of matters resolved by the Court at earlier hearings. It appears that Snyder wanted to enjoy the benefits of the bankruptcy's automatic stay but he refused to comply with the Court's orders and the requirements to fully disclose his finances.

Snyder complains that he was being required to reveal "corporate" information. The record clearly reflects that Eric J. Snyder, P.C. was not a corporation in good standing and that any business that entity engaged in was in the guise of a sole proprietorship. *See Southwestern Bell Media, Inc. v. Ross*, 794 S.W.2d 706 (Mo. App.1990).

Snyder contends that he was blindsided by the Court's dismissal of his bankruptcy petition. He claims that none of the parties moved to dismiss that case. (Debtor's Verified Mot. To Vacate ¶ 82) This is not correct. Jane Snyder and Jesse Henderson both requested the Court to dismiss Snyder's petition in their objections to the confirmation of Snyder's Third Amended Plan. In addition, at the conclusion of the confirmation hearing held on August 24, 2000, the Court stated that it would determine whether the plan should be confirmed and whether the case should be dismissed. Snyder should not have been surprised that the dismissal of his case was a possibility.

The remainder of Snyder's allegations and requests in his current motion have been reviewed and will be denied.

In its Order of February 28, 2002, the Court barred Snyder, under 11 U.S.C. § 109(g)(1), from refiling another petition for relief for 180 days from the date of that order. In light of Snyder's motion to vacate that order which caused additional time to elapse until the Court could issue a ruling on Snyder's motion to vacate, the Court will order that Snyder is barred, under 11 U.S.C. § 109(g)(1) from refiling another petition for relief for 180 days from the date of this order.

An Order consistent with this Memorandum Opinion will be entered this date.

